Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE CAROLINA
PANEL ESPECIAL

| | | |
|---|---|---|
| DAYMARIE BONILLA CEPEDA<br><br>Recurrida<br><br>V.<br><br>AUTO EXCELENTE, INC. Y OTROS<br><br>Peticionario | KLCE202301172 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: FDP2017-0212<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente; el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2023.

El 23 de octubre de 2023, compareció ante este Tribunal de Apelaciones, Auto Excelente, Inc. (en adelante, parte peticionaria o Auto Excelente), mediante *Petición de Certiorari*, y nos solicita que revisemos la *Resolución* emitida el 7 de febrero de 2023, notificada el 12 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo* denegó cierta oferta de prueba propuesta por la parte peticionaria.

Conjuntamente con su recurso, la parte peticionaria presentó *Moción en Auxilio de Jurisdicción* solicitando la paralización de los procedimientos ante el foro *a quo* hasta tanto este Tribunal disponga en cuanto al recurso presentado.

Por los fundamentos que expondremos a continuación, se deniega la expedición del *certiorari*. Asimismo, se declara No Ha Lugar la *Moción en Auxilio de Jurisdicción*.

Número Identificador

RES2023 _____

**I**

El caso de que nos ocupa es secuela de otros tres recursos anteriores[1]. En apretada síntesis, conforme se desprende del tracto procesal del caso que nos ocupa, el 24 de octubre de 2017 la señora Daymarie Bonilla Cepeda instó una *Demanda* sobre daños y perjuicios contra Auto Excelente Inc., Auto Excelente Inc., II, AR Saint Just Auto Center Corp., Cooperativa de Seguros Múltiples de Puerto Rico y MAPFRE/Praico Insurance Company. En cuanto a Auto Excelente Inc., alegó que, esta incurrió en negligencia al venderle un vehículo de motor Nissan Versa del año 2013 con serios desperfectos mecánicos en la transmisión, ausencia de *airbags* y reparaciones ilegales e ilícitas de los mismos, lo que, a su juicio, fue la causa próxima del accidente de tránsito ocurrido el 31 de octubre de 2015. Acotó, además, que Auto Excelente Inc. incurrió en dolo, incumplimiento contractual y actuaciones contrarias a derecho al venderle un vehículo de motor y omitir información esencial relacionada a accidentes y reparaciones realizadas al vehículo en controversia con anterioridad a la venta, y luego negarse a corregir y reparar el vehículo en cuestión.

El 23 de mayo de 2018 Auto Excelente, Inc., mediante *Contestación a Demanda* negó las alegaciones y alegó como defensa afirmativa, que no había cometido acto negligente alguno. A su vez, MAPFRE y la Cooperativa de Seguros Múltiples, presentaron sus respectivas mociones de *Sentencias Sumarias*, en las que alegaron la existencia de cubierta respecto a las reclamaciones objeto de la *Demanda*.[2] Mediante *Sentencias* emitidas el 10 de septiembre de 2018 y el 23 de octubre de 2020, respectivamente, el Tribunal *a quo*

---

[1] Véanse los recursos KLAN202100741, KLCE202200730 y KLCE202300299.
[2] *Sentencia Sumaria Parcial*, pág. 106-124.

declaró Ha Lugar las mociones dispositivas y desestimó las reclamaciones contra dichas codemandadas.[3]

Acaecidas varias incidencias procesales, innecesarias pormenorizar, el 31 de enero de 2021, AR Saint Just Auto Center Corp., presentó una *Solicitud de Sentencia Sumaria,* en la que, en esencia, negó tener responsabilidad por los daños reclamados y, arguyó que, la compraventa del aludido vehículo, fue realizada exclusivamente entre la señora Bonilla Cepeda y Auto Excelente, Inc.[4]

Por su parte, la señora Bonilla Cepeda presentó el 23 de marzo de 2021, *Moción para que se Dicte Sentencia Sumaria sobre Negligencia, Omisión, Dolo e Incumplimiento Contractual de la Co-Demandada Auto Excelente.* En respuesta, el 13 de abril de 2021 Auto Excelente Inc., presentó *Oposición a Moción de Sentencia Sumaria.* El 16 de abril de 2021 la señora Bonilla Cepeda presentó *Moción en Oposición* al escrito presentado por Auto Excelente Inc. Sostuvo que, la *Oposición Moción de Sentencia Sumaria* no contravino ninguno de los hechos incontrovertidos presentados en la moción dispositiva e incumplió con las disposiciones de la Regla 36.3 de Procedimiento Civil, por lo que solicitó que se denegara la misma. Atendidos los escritos de las partes, el 24 de mayo de 2021, notificada el día siguiente, el foro primario emitió *Sentencia Sumaria Parcial,* a favor de la parte recurrida, en cuanto al aspecto de la negligencia, y dejó pendiente de adjudicación los daños reclamados por esta.

En desacuerdo, el 20 de agosto de 2021, la parte peticionaria acudió ante este foro revisor mediante el recurso KLAN202100741. El 5 de noviembre de 2021, un Panel Hermano emitió *Sentencia,* en la que razonó que, como el foro recurrido solo adjudicó el elemento

---

[3] Íd.
[4] Íd.

de la negligencia, y dejó pendiente la valoración de los daños, dicho dictamen constituía una resolución interlocutoria no ejecutable que, al no cumplir con la Regla 52.1 de Procedimiento Civil, *infra*, procedía la desestimación del recurso. Subsiguientemente, el 31 de enero de 2023, las partes presentaron *Informe Preliminar entre Abogados y Abogadas* en el que anunciaron la prueba a ser presentada en la vista sobre valoración de daños.[5]

---

[5] Entre la prueba anunciada por la parte peticionaria figuraron los siguientes documentos:

1. Fotos daños al vehículo Nissan - Sentra, Tablilla IAU553, sobre accidente del 4 de junio de 2021.
2. Moción de Desestimación DACO - Querella SJ0013878
3. Contestación a Interrogatorio de la parte demandante por parte de Air Saint Just Auto Center Corp., Sr. Abner Rodríguez.
4. Querella Policía de PR #2015-8081-525 accidente de 4 de junio de 2021.
5. Informe Perito del DACO, José Torrón Martínez en la querella SJ0013878 fechado 19 de febrero de 2015.
6. Factura de compraventa de Enterprise Rent a Car a Air Saint Just Auto Center Corp., compra vehículo Nissan - Sentra. 2013, tablilla IAU-553.
7. Factura de venta Auto Excelente a Daymarie Bonilla Cepeda, Auto Nissan - Versa, tablilla IAU-553.
8. Documentos cumplimiento de Garantía del DACO de vehículos usados (3) firmados por Daymarie Bonilla Cepeda.
9. Cheque de Cooperativa de Seguros Múltiples por la suma de $1,171.00 pago de reclamación #969701596.
10. Registro de vehículo Nissan - Versa, 2013, tablilla IAU 553.
11. Job Order Agustín Lugo 209036 de 31 de octubre de 2012.
12. Factura Agustín Lugo 209036 página (2).
13. Recibo Dpto. de Hacienda 96713, 2 de junio de 2014 (traspaso).
14. Estimado de reparación fechado el 10 de febrero de 2015 de Auto Excelente.
15. Autorización de Cooperativa de Seguros Múltiples para inspeccionar vehículo fechado el 8 de enero de 2016.
16. Copia Querella DACO SJ0013878.
17. Moción fechada 3 de marzo de 2015 en la Querella SJ0013878 por Daymarie Bonilla Cepeda.
18. Copia permiso vehículo Nissan - Versa, 2013, tablilla IAU 553, a nombre de Air Saint Just Auto Center Corp.
19. Enmienda a Querella SJ 0013878, por parte de Daymarie Bonilla Cepeda, para incluir a Air Saint Just Auto Center Corp. como co-querellada.
20. Documento de Comprobación de Pérdida Automovilística, reclamación #969701596-001 póliza PAP2298517.
21. Contestación a Querella - SJ0013878 por Auto Excelente.
22. Acuse de Recibo de Coop. de Seguros Múltiples reclamación #039771975-001 fecha de pérdida 4 de junio de 2014.
23. Informe amistoso de accidente fechado el 17 de junio de 2014, Cooperativa de Seguros Múltiples firmado por Daymarie Bonilla Cepeda.
24. Cheque #1570057 de Cooperativa de Seguros Múltiples pagadero a Daymarie Bonilla Cepeda por $1,684.73 accidente ocurrió el 4 de junio de 2014.
25. Documento Comprobación de Pérdida, reclamación 039771975-001, póliza 2298517, fecha de accidente 4 de junio de 2014 firmada por Daymarie Bonilla Cepeda.
26. Desglose de pagos reclamación #039771975 firmado por Daymarie Bonilla Cepeda.
27. Estimado Garage JP Auto Collision por $2,306.42 vehículo Nissan - Versa, 2013, tablilla IAU 553.
28. Querella Policía 2014-199-3411.

La parte recurrida objetó la prueba anunciada por la parte peticionaria, por los siguientes fundamentos:

> La parte demandante objeta todos y cada uno de los documentos anunciados por Auto Excelente por ser improcedentes e irrelevantes a la vista en sus méritos sobre valoración de daños y remedios que es lo único que resta en este pleito. Asimismo, se objetan porque son contrario a derecho y a la Regla 36 de las de Procedimiento Civil.
>
> Como consta en autos hace más de un año este Honorable Tribunal el 24 de mayo de 2021 mediante Sentencia Sumaria Parcial hizo determinaciones de hechos incontrovertidos y adjudicó la controversia del caso de epígrafe. Adjudicado mediante sentencia final los hechos relevantes y la negligencia e incumplimiento contractual de Auto Excelente, la vista que queda pendiente según establecido por el Tribunal es solamente para valorar los daños y remedios que corresponden. Por tanto, cualquier intento de Auto Excelente de prueba o evidencia extrínseca y ajeno a dicha evaluación es inadmisible y contraria a derecho. La propia Regla 36.4 de las de Procedimiento Civil establece que "al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad". (Énfasis nuestro). Evidentemente Auto Excelente intenta relitigar una controversia dilucidada y adjudicada mediante Sentencia final y esto es totalmente inaceptable en nuestro ordenamiento jurídico. Por tanto, todos y cada uno de los documentos anunciados por Auto Excelente son inadmisible; lo contrario sería dejar sin efecto una Sentencia final y derrotar el propio propósito de la Regla 36.

El 7 de febrero de 2023, el foro primario celebró la Conferencia con Antelación al Juicio. Durante la misma, la parte peticionaria intentó hacer una oferta de prueba, la cual fue denegada por la Juzgadora de Instancia. En particular, el foro *a quo* dispuso lo siguiente:

> El Tribunal determina que la parte demandada no ha fundamentado conforme las Reglas de Evidencia así lo exigen. No se puede marcar como oferta de prueba porque no hay un fundamento que no sea el que no se presentó para litigar un asunto que está resuelto mediante sentencia parcial y firme. No existe sentencia en cuanto a los daños, pero sí existe una sentencia en cuanto a negligencia.

En desacuerdo con lo dictaminado, la parte peticionaria solicitó reconsideración en corte abierta, la cual fue declarada *No Ha Lugar*.[6]

Aún insatisfecha, la parte peticionaria recurre ante este foro revisor mediante el recurso que nos ocupa, en el que esgrimió el siguiente señalamiento de error:

> Erró y abusó de su discreción el Tribunal de Primera Instancia al no aceptar el ofrecimiento de la prueba documental hecho por la parte demandada-peticionaria en virtud de la Regla 104 de Evidencia.

Mediante Sentencia del 28 de abril de 2023, desestimamos el recurso por prematuro, habida cuenta de que la Minuta de la Vista del 7 de febrero de 2023, no fue debidamente firmada por la Juzgadora que presidió la vista.

Así las cosas, el 12 de octubre de 2023, el foro primario emitió *Minuta Resolución Enmendada* de la Vista celebrada mediante videoconferencia el 7 de febrero de 2023 y transcrita el 13 de febrero de 2023. En esta ocasión, el referido dictamen fue debidamente firmado por la Juzgadora de Instancia.

En vista de su inconformidad con lo dictaminado, el 23 de octubre de 2023, la parte peticionaria acudió ante este foro revisor mediante *Petición de Certiorari* en la cual esbozó el siguiente señalamiento de error:

> Erró y abusó de su discreción el Tribunal de Primera Instancia al no aceptar el ofrecimiento de la prueba documental hecho por la parte demandada peticionaria en virtud de la Regla 104 de Evidencia.

Como mencionamos previamente, conjuntamente con su recurso, la parte peticionaria presentó *Moción en Auxilio de Jurisdicción*, en la que nos solicita que paralicemos los procedimientos ante el foro primario y dejemos sin efecto el **Juicio**

---

[6] Véase, *Minuta* del 7 de febrero de 2023; notificada el 13 de febrero de 2023.

**en su Fondo pautado para los días 8 y 9 de noviembre de 2023**, hasta tanto este Tribunal disponga en cuanto al recurso presentado.

El 24 de octubre de 2023, la parte peticionaria presentó ante este foro, *Moción Informativa*, mediante la cual acreditó haber notificado el recurso de epígrafe tanto a la parte recurrida como al foro primario.

Por considerarlo innecesario, prescindimos de la comparecencia de la parte recurrida[7], por lo que, procedemos a resolver.

**II**

### *A. El Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

---

[7] A virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil[8], dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de

---

[8] 32 LPRA, Ap. V, R.52.1.

Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.  (Énfasis Nuestro).
[. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna*

*Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. La Oferta de Prueba

La Regla 104 de Evidencia[9], en lo pertinente a la oferta de prueba, dispone lo siguiente:

(B)   Oferta de prueba

**En el caso de exclusión errónea de prueba, la parte perjudicada deberá invocar el fundamento específico para la admisibilidad de la evidencia ofrecida y hacer una oferta de prueba de forma que surja claramente cuál es la evidencia que ha sido excluida y la naturaleza, propósito y pertinencia para la cual se ofrece.** No será necesario invocar tal fundamento específico ni hacer la oferta de prueba cuando resultan evidentes del contexto del ofrecimiento. (Énfasis suplido)

El Tribunal permitirá la oferta de prueba y determinará si debe hacerse mediante un resumen de la evidencia ofrecida o el interrogatorio correspondiente. El Tribunal podrá añadir cualquier manifestación que demuestre el carácter de la evidencia, la forma en que fue ofrecida, la objeción a su admisión y la resolución sobre la exclusión.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nuestra consideración.

**III**

Como Tribunal Apelativo, como cuestión de umbral, nos compete determinar en primera instancia, si el promovente del recurso ha planteado un asunto comprendido en alguna de las excepciones de la Regla 52.1, *supra.* Veamos.

Como mencionamos previamente, la parte peticionaria procura que dejemos sin efecto la determinación interlocutoria del foro primario, en la cual declinó permitir cierta oferta de prueba realizada durante la celebración de la Vista de Conferencia con antelación al juicio, eminentemente relacionada al aspecto de la determinación de negligencia.

---

[9] 32 LPRA Ap. VI, R. 104.

Al analizar la controversia planteada y particularmente, la etapa procesal en la que se hace la aludida oferta de prueba – entiéndase, en la conferencia con antelación al juicio– consideramos que estamos ante un dictamen interlocutorio que no está comprendido dentro de las excepciones establecidas por la Regla 52.1 de Procedimiento Civil, *supra,* susceptible de revisión en estos momentos. Dicho o anterior, aún si consideráramos que el no entrar a revisar el aludido dictamen constituiría un fracaso de la justicia, aún así, conforme a lo dispuesto por la Regla 40 de nuestro Reglamento, *supra,* procede la denegación del recurso.

En la *Minuta Resolución Enmendada* de la cual se recurre, el foro primario hizo contar lo siguiente:

> [.....]
>
> El Tribunal determina que la parte demandada no ha fundamentado conforme las Reglas de Evidencia así lo exigen. No se puede marcar como oferta de prueba porque no hay un fundamento que no sea el que no se presentó para litigar un asunto que está resuelto mediante sentencia parcial y firme. No existe sentencia en cuanto a los daños, pero sí existe una sentencia en cuanto a negligencia.

Como esbozamos previamente, a tenor con lo dispuesto por la Regla 104 de Evidencia, *supra,* "[e]n el caso de exclusión errónea de prueba, **la parte perjudicada deberá invocar el fundamento específico para la admisibilidad de la evidencia ofrecida y hacer una oferta de prueba de forma que surja claramente cuál es la evidencia que ha sido excluida y la naturaleza, propósito y pertinencia para la cual se ofrece.**"

En el caso que nos ocupa, la parte peticionaria nos invita a revocar el dictamen del foro primario. Empero, es preciso destacar que, de la *Minuta Resolución Enmendada* de la cual se recurre, se desprende con meridiana claridad que, la parte peticionaria no fundamentó ante el foro primario su solicitud, de conformidad con

las Reglas de Evidencia. Peor aún, la parte peticionaria no nos ha colocado en posición de intervenir con el dictamen recurrido.

Según es sabido, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219, (2021); *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 177 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778 (2022).

No obstante, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435.

Es correcto que los tribunales de instancia poseen el poder inherente para vindicar la majestad de la ley y para hacer efectiva su jurisdicción, pronunciamientos y órdenes. El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo

y tramitación de los asuntos judiciales. Es por ello que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. (Citas omitidas). *In re Collazo I*, 159 DPR 141, 150 (2003). Ahora bien, el Tribunal Supremo de Puerto Rico ha indicado que no intervendrá con dicha facultad de los tribunales de instancia, "excepto cuando sea absolutamente necesario con el propósito de evitar una flagrante injusticia". *Pueblo v. Vega, Jiménez,* 121 DPR 282, 287 (1988).

Al avaluar el dictamen recurrido, y en particular, la etapa de los procedimientos en que se efectúa el aludido ofrecimiento de prueba, no entendemos prudente intervenir con el mismo.   No podemos pasar por alto que la parte peticionaria falló al no fundamentar su oferta de prueba, tal y como lo requiere la Regla 104 de Evidencia. Dicha omisión, conllevó que, el foro primario declinara aceptar dicha oferta de prueba, al estar huérfana del fundamento jurídico requerido por nuestro ordenamiento procesal y evidenciario.

De igual forma, tras evaluar detenidamente el recurso presentado por la parte peticionaria, y luego de una minuciosa revisión, considerando los criterios enumerados en la precitada Regla 40 del Reglamento de nuestro Tribunal, determinamos que, ante la ausencia de estos criterios, no procede la expedición del auto de *certiorari.*

**IV**

Por los fundamentos que anteceden, se deniega la expedición del *certiorari.* Asimismo, se declara No Ha Lugar, la *Moción en Auxilio de Jurisdicción.*

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. El Juez Rodríguez Flores emite Voto Particular de Conformidad.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE CAROLINA
PANEL ESPECIAL

| | | |
|---|---|---|
| DAYMARIE BONILLA CEPEDA<br><br>Recurrida<br><br>V.<br><br>AUTO EXCELENTE, INC. Y OTROS<br><br>Peticionario | KLCE202301172 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: FDP2017-0212<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente; el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

**VOTO PARTICULAR DE CONFORMIDAD
DEL JUEZ RODRÍGUEZ FLORES**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Estoy conforme con lo hoy resuelto, puesto que el peticionario no nos puso en condición de conocer los fundamentos que esbozó durante la conferencia con antelación al juicio, según requiere la Regla 104 de Evidencia.

No obstante, entiendo que la Sentencia emitida por otro panel del Tribunal de Apelaciones, el 5 de noviembre de 2021, en el caso KLAN202100741, no resolvió la procedencia o no del dictamen sumario parcial, que imputó la negligencia. Por tanto, el asunto de la "negligencia" según dispuesto en la Sentencia Sumaria Parcial del 24 de mayo de 2021, aún no ha sido revisado a nivel apelativo.

Por otra parte, lo resuelto mediante la presente Sentencia no debe interpretarse como un impedimento para que cualquiera de las partes realice una oferta de prueba durante el juicio, conforme a la Regla 104 de Evidencia.

*Fernando L. Rodríguez Flores*
*Juez de Apelaciones*