ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SUC. MANUEL A. MENDOZA BAEZ<br><br>APELANTE<br><br>V.<br><br>CRUZ MENDOZA RIVERA, CRUZ MENDOZA BAEZ<br><br>APELADOS | KLAN202301000 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Caguas<br><br>Caso Núm. C GC1-00148<br><br>Sala: 802<br><br>Sobre:<br><br>DIVISIÓN DE HERENCIA |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2024.

Comparecen los miembros de la Sucesión de Manuel A. Mendoza Báez (en adelante, Apelantes), mediante recurso de *Apelación* y solicitan que revisemos la *Orden* del 3 de octubre de 2023, y notificada el 10 de octubre de 2023, en la cual se declaró No Ha Lugar una *Moción de Reconsideración* que a su vez solicitaba la revisión de una *Orden* del 30 de agosto de 2023 emitida por el Tribunal de Primera Instancia, Sala de Caguas (en adelante, TPI). En el referido dictamen, el TPI declaró *Ha Lugar* la *Moción Urgente Urgente Reiterando Solicitud de Retiro de Fondos y Otros Remedios* en la cual se solicitaban honorarios de abogados con cargo a la Sucesión de Carlos Mendoza Báez y la imposición de una sanción a los Apelantes, a favor de Cruz Mendoza Báez (en adelante, Apelado). Adelantamos que por fundamentos que expondremos a continuación, *confirmamos* al foro inferior.

**I.**

El 13 de mayo de 2013 Manuel A. Mendoza Báez y su hermano Carlos R. Mendoza Báez demandaron a su padre y hermano, Cruz

Número Identificador
SEN2024 _____

Mendoza Rivera y Carlos Mendoza Báez, respectivamente, para que se ordenara la división, partición y adjudicación del caudal de Aida Báez Torres, madre de los hermanos Mendoza Báez y esposa de Cruz Mendoza Rivera. Luego de varios trámites procesales, que incluyeron el fallecimiento de Cruz Mendoza Rivera,[1] las partes notificaron el 6 de febrero de 2017 el haber llegado a un acuerdo, por lo que presentaron una *Moción Sometiendo Estipulación*, la cual fue acogida mediante *Sentencia* el 8 de febrero de 2017 y notificada el 16 de febrero de 2017.

El próximo 23 de julio de 2017, falleció intestado Carlos Mendoza Báez y mediante *Resolución* dictada el 27 de noviembre de 2017, el TPI declaró sus herederos forzosos a sus tres hermanos, Luis Mendoza Malavé, Cruz Mendoza Báez y Manuel Mendoza Báez. Posteriormente falleció intestado Manuel Mendoza Báez el 7 de agosto de 2020 y el 9 de noviembre de 2020 el TPI declaró herederos a sus hijos Aida Mendoza Rivera y Cruz Mendoza Rivera, y a su viuda Laura Rivera Sosa.

Continuado el pleito y luego de varios trámites relacionados a la liquidación de los caudales de sus padres y de su hermano Carlos Mendoza Báez, el Apelado compareció al TPI el 11 de abril del 2022 mediante *Cuarta Moción en Solicitud de Remedios y Solicitud de Ordenes So Pena de Sanciones*. En esta expresó que la sucesión de Manuel Mendoza Báez había actuado con total menosprecio al proceso de liquidación del caudal de Carlos Mendoza Báez, evidenciado por su inacción y retraso con sus deberes.[2] Por ello solicitó que se le impusiera una sanción económica de $5,000. El TPI ordenó el 27 de abril de 2022 que la parte contraria se expresara dentro de 10 días so pena de conceder lo solicitado, lo cual no hicieron. El 25 de mayo del 2022, el Apelado argumentó que, en ausencia

---

[1] Su muerte provocó que su hijo, Luis Mendoza Malavé, producto de otra relación y medio hermano de los hermanos Mendoza Báez, entrara al pleito.

[2] Esto incluye tardanza en enmendar la planilla de contribuciones sobre caudal relicto, no contestar oportunamente las órdenes del TPI, no indicar quien comparecería a firmar el contrato de compraventa de una de las propiedades pertenecientes al caudal, incumplir con los cánones de arrendamiento adeudados según las estipulaciones acogidas en la *Sentencia* de 8 de febrero de 2017, entre otras.

de moción responsiva, procedía que se otorgaran los remedios y sanciones solicitadas.

El 27 de marzo de 2023 el recurrido presentó *Moción Urgente Urgente en Solicitud de Retiro de Fondos y Otros Remedios* en la cual reiteró su solicitud de imposición de sanción y además solicitó al foro primario que concediera el pago de honorarios de la Lcda. Nilda M. Ramón Aponte (en adelante, Lcda. Ramón). Solicitó que todos los gastos, costas y honorarios presentes y futuros que surjan de las gestiones llevadas a cabo en beneficio de la partición y adjudicación de la sucesión de su hermano Carlos Mendoza Báez, sea con cargo a la referida sucesión, la cual está compuesta por el mismo Apelado y por los herederos de Manuel Mendoza Báez, entiéndase sus dos hijos y viuda, los aquí apelantes.

El Apelado reclamó que lleva años cubriendo los honorarios de la Lcda. Ramón por gestiones relacionadas a la sucesión de Carlos Mendoza Báez tales como: 1) inventario de bienes, 2) investigaciones y requerimientos en instituciones financieras, 3) trámites ante diversas agencias gubernamentales como el Registro de la Propiedad y en el Centro de Recaudaciones de Ingresos Municipales (CRIM), entre otros, sin los cuales no sería posible la liquidación del caudal.

El 17 de agosto de 2023, la parte apelada nuevamente sometió ante el TPI una *Moción Urgente Urgente Reiterando Solicitud de Retiro de Fondos y Otros Remedios*, en la cual reiteró su solicitud de imposición de honorarios y de sanción económica. En respuesta, el 27 de agosto de 2023 la parte apelante presentó su *Moción en Oposición a Pretensión Abusiva* en la cual argumentó, sin fundamentar, que el Apelado estaba cobrando unas cantidades mayores a las acordadas entre las partes.

Posteriormente, el foro inferior declaró Ha Lugar la *Moción Urgente Urgente Reiterando Solicitud de Retiro de Fondos y Otros Remedios* el 30 de agosto de 2023. Se presentó oportunamente una reconsideración la cual fue declarada No Ha Lugar el 3 de octubre de 2023, y notificada el 10 de octubre de 2023. Inconforme, la parte apelante recurre ante este Tribunal

y mediante un recurso de apelación presentado el 8 de noviembre de 2023, señala los siguientes errores:

> **Primer Error**: No determinar que la Lcda. Nilda M. Ramon Aponte no sometió dentro de los (10) diez días siguientes a que la sentencia advino final y firme, un memorando de costas y honorarios, a tono con la Regla 44 de las de Procedimiento Civil.
>
> **Segundo Error**: No determinar que, previo a la imposición de honorarios de abogado y sanciones, debe determinarse temeridad, lo que en este caso no ocurrió.

La parte apelada presentó de manera oportuna su alegato en oposición el 14 de diciembre de 2023. Con el beneficio de su comparecencia, procedemos a resolver.

**II.**

*A. Costas y honorarios de abogado*

En nuestro ordenamiento los gastos asociados al litigio se distinguen entre costas y honorarios. En cuanto a las costas la Regla 44.1 (a) de Procedimiento Civil, 32 LPRA Ap. V., dispone que se concederán a la parte a cuyo favor se resuelva el pleito, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que concederá el tribunal son los gastos necesarios y razonables que tuvo que incurrir la parte prevaleciente del pleito en su tramitación. *Rosario Domínguez v. ELA*, 198 DPR 197 (2017). La Regla 44.1 (b) dispone que la parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de 10 días a partir del archivo en autos de copia de la notificación de la sentencia, un memorándum, rendido bajo juramento o certificación del abogado, de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito.

Como es sabido los honorarios de abogados no forman parte de las costas anteriormente mencionadas. De ordinario cada parte se encarga de satisfacer los honorarios de su respectiva representación legal, sin embargo, la Regla 44.1 (d) de Procedimiento Civil, dispone que:

> [e]n caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su

sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.

De conformidad con lo anterior, es norma reiterada que la imposición de honorarios de abogado a la parte contraria solo procede cuando una parte actúa con temeridad. Se entiende que una parte ha sido temeraria cuando obliga a la otra a incurrir en gastos innecesarios al interponer pleitos frívolos o alargar innecesariamente aquellos ya presentados ante la consideración de los tribunales, o que provoque que incurra en gestiones evitables. *Domínguez v. GA Life*, 157 DPR 690, 706 (2002). Una vez el tribunal sentenciador concluye que una parte ha sido temeraria, es imperativa la imposición de honorarios de abogado.

La determinación de si una parte ha actuado o no con temeridad descansa en la discreción del tribunal. Por lo cual, los tribunales revisores solo intervendrán con tal determinación cuando surja de tal actuación un claro abuso de discreción. *Puerto Rico Oil Company, Inc.  V. Dayco Products, Inc.*, 164 DPR 486, 511 (2005).

### B. Gastos de partición

En cuanto a la partición de la comunidad hereditaria, el antiguo Código Civil dispone que ningún heredero podrá ser obligado a permanecer en la indivisión de la herencia, al menos que una disposición testamentaria disponga lo contrario. 31 LPRA § 2871 (derogada). Es por ello que cualquier heredero podrá pedir la partición. 31 LPRA § 1006 (derogada). Cuando esto ocurre y el heredero se encarga de los gastos, el Código Civil aclara que quien "hubiese pagado más de lo que corresponda a su participación en la herencia podrá reclamar de los demás su parte proporcional". 31 LPRA §2934 (derogada).

Además, especifica que "los gastos de partición hechos en interés común de todos los coherederos se deducirán de la herencia". 31 LPRA § 2883 (derogada), mientras que "los hechos en interés particular de uno de ellos, serán a cargo del mismo". *Id.* En cuanto a lo que constituye gastos, nuestro Tribunal Supremo ha dicho que "el término 'gastos de partición' no

puede interpretarse en un sentido demasiado estricto; también los que la preceden y la hacen posible deberán deducirse de la herencia". *Julio Domingo Silva y Torréns v. Secretario de Hacienda*, 86 DPR 332 (1962) citando a Albaladejo y Lacruz, *Derecho de Sucesiones, Parte General*, 1961, pág. 526.

   *C. Sanciones*

   Como cuestión de umbral, debemos aclarar que la autoridad del tribunal para imponer sanciones emana de la facultad inherente de éste para hacer valer sus propios dictámenes y órdenes. Los tribunales de primera instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000). El funcionamiento efectivo de nuestro sistema judicial y la más rápida disposición de los asuntos litigiosos requieren que nuestros jueces de instancia tengan gran flexibilidad y discreción para trabajar con los problemas que conllevan el diario manejo y tramitación de los asuntos judiciales. *Pueblo v. Vega Alvarado*, 121 DPR 282, 287 (1988); *Pérez Pascual v. Vega Rodríguez.,* 124 DPR 529, 543 (1989). Esto presupone que los jueces de instancia tengan poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados según indique su buen juicio, discernimiento y su sana discreción, facultad con la cual no debemos intervenir excepto cuando sea necesario para evitar una flagrante injusticia. *Pueblo v. Vega Alvarado,* 121 D.P.R. en la pág. 287.

   El poder judicial para imponer sanciones está plasmado en la Regla 44.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, la cual establece, en lo pertinente, lo siguiente:

Regla 44.2 Costas y sanciones interlocutorias

El tribunal podrá imponer costas interlocutorias a las partes y sanciones económicas en todo caso y en cualquier etapa, a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.

El propósito de esta Regla es proveer al Tribunal un instrumento que le ayude a controlar y aligerar los procedimientos. *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 DPR 679, 687 (1987). Ahora bien, el poder que las Reglas de Procedimiento Civil, *supra,* concede a los jueces para prohibir, sancionar o castigar a una parte que incumple o entorpece los procedimientos es amplio, pero no irrestricto. Conforme a ello, la sanción económica que contempla la Regla 44.2, *supra*, está investida de un alto grado de discreción, partiendo de la totalidad de las circunstancias del caso.

Se entiende por discreción el poder para decidir en una u otra forma y para escoger entre uno o varios cursos de acción. *García Morales v. Padró Hernández*, 165 D.P.R. 324, 334 (2005); *Pueblo v. Ortega Santiago,* 125 D.P.R. 203, 211 (1990). La discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *García Morales*, 165 D.P.R. en las págs. 334-335. La deferencia al juicio y discreción del foro sentenciador está cimentada en el hecho de que los foros apelativos no pueden pretender ni manejar el trámite ordinario de los casos que se ventilan ante el TPI. No obstante, la deferencia no es salvaguarda de inmunidad a la revisión judicial apelativa cuando el ejercicio de la discreción judicial se aparta del valor supremo de la razonabilidad.

**III.**

En síntesis, la parte apelante nos solicita que revoquemos la *Orden* del TPI por entender que no proceden los honorarios de abogado ya que no se sometió el memorando correspondiente. También alega que la concesión de honorarios y la imposición de la sanción son improcedente ya que no se determinó adecuadamente la temeridad, puesto que esta no puede establecerse mediante alegaciones, sino que debe determinarse luego de prevalecer en los méritos en una vista evidenciaría.

Por su parte, el Apelado arguye que los honorarios no corresponden a la sentencia del 16 de febrero de 2017 pues la Lcda. Ramón no estaba involucrada en el pleito. Nos explica que los honorarios corresponden a las

gestiones hechas por la Lcda. Ramón relacionadas al caudal relicto de Carlos Mendoza Báez, en beneficio de todas las partes y necesarias para la partición de la herencia, por tanto, deben ser deducidos de la herencia según las disposiciones del Código Civil derogado, *supra*. Por ende, no era necesario la presentación de un memorando de costas ni la determinación de temeridad.

En cuanto a la sanción económica, el Apelado arguye que aun siendo innecesaria la determinación de temeridad para que proceda la sanción, sí hubo una determinación de conducta de inacción y dejadez cuando el TPI declaró *Ha Lugar* la moción del Apelado, la cual fundamentaba la conducta del Apelante.

A nuestro juicio, los argumentos de la Apelante son improcedentes. Primeramente, es ilógico exigir un memorando de costas y honorarios diez (10) días luego de la sentencia del 8 de febrero de 2017 cuando los honorarios que se solicitan aquí son a favor de la sucesión de Carlos Mendoza Báez, quien estaba vivo cuando el TPI acogió las estipulaciones. Además, como explicamos anteriormente, en el proceso de partición de herencia los gastos son continuos, tanto así que el Código Civil derogado establecía que los gastos hechos en interés común de los herederos deberán restarse de la herencia, y cuando un heredero pague más de lo que le corresponde, podrá reclamar a los demás. 31 LPRA § 2883, 2934. Por tanto, tampoco era necesario determinar que hubo temeridad, para poder otorgar los honorarios.

Similarmente, tampoco era necesario determinar temeridad para imponer sanciones económicas. Como explicamos, y según surge de la Regla 44.2 de Procedimiento Civil, *supra*, el foro inferior tiene la discreción de imponer sanciones económicas en todo caso y en cualquier etapa del pleito si el tribunal entiende que el comportamiento de la parte demuestra demora, dejadez u obstrucción en el pleito. Determinación que hizo el TPI al declarar con lugar la moción del Apelado.

Por todo lo anterior, entendemos que el TPI no cometió los errores que señalan los Apelantes. Al no encontrar que el foro inferior actuó de forma arbitraria, caprichosa, o incurrió en un craso abuso de discreción, *confirmamos* el dictamen recurrido.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* el dictamen del TPI.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones