ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MICHAEL ALLIO en su capacidad de albacea fiduciario del fideicomiso testamentario del Caudal de DAVID JOHN ALLIO LITTAUER<br><br>Recurrido<br><br>v.<br><br>CARMEN SANTIAGO CHARDON, por sí y en representación de sus hijos menores de edad GANCARLO ALLIO Y MIA ALLIO herederos y miembros de la sucesión de DAVID JOHN ALLIO LITTAUER<br><br>Peticionarios | **KLCE202400362** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV07752<br><br>Sobre: ACCION CIVIL, PARTICIÓN DE HERENCIA, REMEDIO PROVISIONAL, SENTENCIA DECLARATORIA |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 28 de mayo de 2024.

Comparece ante este foro, la Sra. Carmen Santiago Chardón (señora Santiago o "la peticionaria") y nos solicita que revisemos dos órdenes notificadas por el Tribunal de Primera Instancia, Sala de San Juan, el 15 de febrero de 2024. En virtud de estas, el foro primario denegó una solicitud de desembolso a la peticionaria y le ordenó que realizara el pago de honorarios del notario y tasador.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

## I.

El 11 de agosto de 2023, el Sr. Michael K. Allio Littauer (señor Allio o "el recurrido"), quien es el

hermano del causante, albacea y fiduciario testamentario, presentó una *Petición de División de Comunidad de Bienes Hereditarios, Solicitud de Remedio Provisional para Tomar Posesión de Bienes en Poder de Terceros, en Protección del Caudal y otros extremos,* contra la peticionaria, por sí y en representación de sus hijos, únicos herederos del causante.[1] Alegó que, el causante dispuso en su testamento, que todos los bienes fueran utilizados para el establecimiento de dos fideicomisos testamentarios, en beneficio de sus dos hijos. A su vez, estableció el modo en cómo se debería distribuir dicho dinero, dependiendo del momento y edad de los menores. Sin embargo, esbozó que tuvo que incurrir en gastos en beneficio del caudal, para formar y allegar fondos a los fideicomisos, que exceden el dinero líquido disponible del caudal. Añadió que, la peticionaria le solicitó el pago de una serie de gastos de los menores, pero que no poseía los activos para pagarlos, puesto que, los fideicomisos no habían podido ser financiados apropiadamente, debido a que E*TRADE requería una orden del tribunal para realizar la transferencia del dinero.

Por lo tanto, entre lo solicitado por el recurrido al foro primario se encontraba que le ordenara a la señora Santiago le entregara la posesión del apartamento en el Condominio Regatta; se abstuviera de solicitarle a E*TRADE la transferencia del dinero correspondiente de los menores a ella; que fueran transferidos los bienes del caudal al albacea y fiduciario; determinara que el

---

[1] *Petición de División de Comunidad de Bienes Hereditarios, Solicitud de Remedio Provisional para Tomar Posesión de Bienes en Poder de Terceros, en Protección del Caudal y otro extremos*, anejo I, págs. 3-71 del apéndice del recurso.

dinero en las cuentas de E\*TRADE pertenecen al caudal hereditario, sujeto a las disposiciones del testamento; entre otras.

El 8 de septiembre de 2023, la peticionaria, por sí y en representación de sus hijos menores de edad, presentó su *Contestación a Demanda*.[2] Alegó que el señor Allio nunca proporcionó el inventario de bienes, como tampoco inscribió el fideicomiso testamentario, por lo que, es nulo. A su vez, informó que la residencia es el hogar seguro de los menores, independientemente de que se vayan a estudiar a Estados Unidos. Finalmente, solicitó que fuera destituido del cargo de albacea por violar las disposiciones de la Ley.

Asimismo, la peticionaria presentó una *Reconvención*, mediante la cual arguyó que según surge de la *Resolución* dictada el 10 de febrero de 2023 en el caso SJ2021RF00135,[3] es la acreedora por la cantidad de $50,000.00 que le fue ordenado al causante a pagarle. Además, de la suma de $300,000.00 por un contrato firmado entre las partes por concepto de pensión excónyuge. No obstante, señaló que dicho pago lo recibiría cuando vendieran el apartamento en el Condominio Regatta, pero el cual alegó los dueños del caudal no interesan vender. Por ello, manifestó que no se invalidaba el acuerdo entre el causante y ella, y aun procedía se le desembolsara la cantidad antes mencionada. Finalmente, solicitó le fuera nombrado un defensor judicial a los menores, por conflicto de interés, como a su vez un administrador judicial. En la misma fecha, la peticionaria presentó

---

[2] *Contestación a Demanda*, anejo IV, págs. 72-80 del apéndice del recurso.
[3] Véase, *Resolución*, págs. 82-86 del apéndice del recurso.

una *Moción Urgente Solicitando Nombramiento de Defensor Judicial y Pago de Sentencia*.[4]

El 12 de septiembre de 2023, el foro primario notificó una *Orden*, mediante la cual determinó "*No Ha Lugar por el momento a la solicitud de desembolso*."[5] A su vez, les concedió a las partes un término para que sometieran el nombre de tres candidatos para ser considerados como defensor judicial, para luego celebrar una vista de nombramiento.

El 25 de octubre de 2023, el recurrido presentó una *Solicitud de Orden de Acceso a Propiedad Inmueble del Caudal*.[6] Arguyó que, le ha solicitado a la señora Santiago le brinde acceso a la propiedad ubicada en el Condominio Regatta para que pueda ser tasada y la Notario pueda realizar un Acta de los bienes del caudal y personales del causante. Sin embargo, sostuvo que no había recibido respuesta de la peticionaria.

Posteriormente, el 30 de octubre de 2023, el foro Primario notificó una *Resolución*, mediante la cual declaró *Ha Lugar* el pago correspondiente en virtud de la *Resolución* emitida en el caso SJ2021RF00135.[7] Por consiguiente, le ordenó al señor Allio que realizara el depósito en el Tribunal por la suma de $50,000.00. Asimismo, determinó lo siguiente: "[c]on estos pagos, consideradas las posturas de las partes en torno a la solicitud de descalificación y con el hecho de que se encuentra pendiente la celebración de vista para el nombramiento de defensores judiciales a los menores

---

[4] *Moción Urgente Solicitando Nombramiento de Defensor Judicial y Pago de Sentencia*, anejo V, págs. 79-80 del apéndice del recurso.
[5] *Orden*, anejo VI, págs. 87-88 del apéndice del recurso.
[6] *Solicitud de Orden de Acceso a Propiedad Inmueble del Caudal*, anejo III, págs. 27-28 del apéndice del recurso en oposición.
[7] *Resolución*, anejo VII, págs. 89-90 del apéndice del recurso.

herederos, el Tribunal declara solicitud de descalificación No Ha Lugar."

En desacuerdo, el 2 de noviembre de 2023, el recurrido presentó una solicitud de reconsideración.[8] En esencia, esbozó que tanto la señora Santiago, como él, reconocen que los menores necesitan y tienen derecho a que se les nombre un defensor judicial, puesto que, la peticionaria tiene un conflicto de interés al cobrarle una deuda de honorarios a sus propios hijos, y únicos herederos del caudal. Por lo tanto, solicitó que la resolución del foro primario fuera dejada sin efecto, por ser inconsistente con la postura adoptada por el propio Tribunal.

En la misma fecha, la peticionaria presentó su *Oposición a Solicitud de Reconsideración*.[9] Alegó que, respecto al acuerdo entre el causante -en vida- y ella, una vez el Tribunal lo aprobó, era exigible el pago de los $50,000.00. Por ello, la determinación hecha por el foro primario al dejar en suspenso las determinaciones futuras hasta que los menores no tengan un defensor judicial, van dirigidas a las actuaciones del albacea.

Luego de varias incidencias procesales, el 2 de noviembre de 2023, fue celebrada una vista argumentativa.[10] En dicha vista, la representante legal del señor Allio expresó que le preocupaba el costo y cómo se sufragarían los honorarios de los defensores judiciales, si se designa uno por cada menor. A su vez, indicó que el pago de la deuda del caudal a la señora Santiago debe quedar en suspenso hasta que los menores

---

[8] *Solicitud de Reconsideración de Resolución (SUMAC 74) del 30 de octubre de 2023,* anejo VIII, págs. 91-98 del apéndice del recurso.
[9] *Oposición a Solicitud de Reconsideración*, anejo IX, págs. 99-114 del apéndice del recurso.
[10] *Minuta*, anejo X, págs. 115-116 del apéndice del recurso.

estén representados. El foro *a quo* determinó que los representantes legales debían dialogar sobre el asunto del defensor judicial, además le indicó a la representante legal de la señora Santiago que se expresara por escrito sobre cómo se sufragarán los honorarios de los defensores judiciales.

El 21 de noviembre de 2023, el foro primario notificó una *Resolución*, mediante la cual dispuso lo siguiente:[11]

> Analizados los planteamientos de las partes, en torno a la solicitud de reconsideración presentada (SUMAC #85) por la Parte Demandante, el Tribunal dispone:
>
> 1. Se ordena a la Parte Demandante la consignación de la suma de dinero que se desprende de la *Resolución* de 30 de octubre de 2023, aunque el Tribunal, por el momento, no ordenará el desembolso de los mismos, si no que quedarán bajo la custodia de la Secretaría del Tribunal. Para cumplir con esto se concede hasta el 22 de noviembre de 2023. Término final, bajo apercibimiento de sanciones.
>
> 2. El Tribunal no emitirá otra determinación en el caso, hasta que el defensor judicial acepte su cargo y presente su posición respecto a los asuntos que en el momento están pendientes de determinación.

En la misma fecha, el foro recurrido notificó una *Resolución Interlocutoria Designación de Defensor Judicial,* mediante la cual indicó que el Lcdo. Ramón E. Dapena Guerrero era nombrado como defensor judicial de los menores.[12]

El 22 de diciembre de 2023, el Lcdo. Dapena, como defensor de los menores presentó una *Contestación Enmendada de los Menores Codemandados a la "Petición de División de Comunidad de Bienes Hereditarios […] así*

---

[11] *Resolución*, anejo XI, págs. 117-118 del apéndice del recurso.
[12] *Resolución Interlocutoria Designación de Defensor Judicial*, anejo XII, págs. 119-121 del apéndice del recurso.

*como lo relativo a la Reconvención de la Madre Codemandada*".[13] En síntesis, esbozó que los mejores intereses de los menores se basan en preservar el caudal, al respetar la voluntad del causante en su testamento. Asimismo, incluyó entre las defensas afirmativas que los intereses materiales de los menores no están alineados con los de la señora Santiago, en la medida que ella reclama sumas sustanciales de dinero contra el caudal hereditario.

El 9 de enero de 2024, el foro primario notificó una *Orden*, mediante la cual señaló una vista argumentativa para el 31 de enero de 2024, en relación a la solicitud de acceso al apartamento en el Condominio Regatta.[14] Asimismo, en la misma fecha, el foro *a quo* notificó una *Resolución*.[15] Particularmente, apuntó que el señor Allio presentó una moción de desestimación de la reconvención presentada por la señora Santiago, la cual procura que el Tribunal entre en los méritos de una controversia que se está ventilando en el caso SJ2023CV10664, sobre nulidad de la *Resolución* emitida en el caso SJ2021RF00135. Así pues, indicó que para evitar duplicidad de dictámenes, concluyó que la reconvención debía permanecer, puesto que, los méritos de ésta se verían afectados directamente por la determinación en el caso SJ2023CV10664. Además, determinó que la *Orden* para el depósito de los $50,000.00, procuró disipar la controversia en torno a la solicitud de descalificación de la representante legal de la peticionaria, y fue únicamente para esos efectos que había ordenado su

---

[13] *Contestación Enmendada de los Menores Codemandados a la "Petición de División de Comunidad de Bienes Hereditarios […]"*, anejo XIII, págs. 122-144 del apéndice del recurso.
[14] *Orden*, anejo V, págs. 31-33 del apéndice del recurso en oposición.
[15] *Resolución*, anejo XIV, págs. 145-146 del apéndice del recurso.

depósito. No obstante, concluyó que el pago dependerá de lo que determine el Tribunal en el otro caso.

El 22 de enero de 2024, la peticionaria presentó una *Solicitud de Desembolso de los $50,000.00*.[16] Mediante esta, reiteró su solicitud del desembolso de los $50,000.00 por concepto de honorarios de abogados en el caso de pensión alimentaria entre el causante y ella. Sostuvo que, aun cuando se extinguió el reclamo de alimentos a los menores, por el fallecimiento del padre de éstos, el pago de honorarios de abogados no. Arguyó que, el desembolso de los $50,000.00 fue un acuerdo dentro de un negocio jurídico entre las partes.

El 25 de enero de 2024, el señor Allio presentó una moción informado el acuerdo llegado entre los representantes legales con la señora Santiago, para que le provea acceso al apartamento al tasador y Notario, el 30 de enero de 2024. Por lo tanto, le solicitó al foro primario que dejara sin efecto la vista del 31 de enero de 2024.

El 31 de enero de 2024, el foro primario mediante una *Orden*, expuso lo siguiente

> Se toma conocimiento. Ha Lugar. Se deja sin efecto el señalamiento pautado para el día de hoy. Las partes tienen 24 horas para informar (a través de la Parte Demandante) si el inmueble se tasó en el día de ayer. En caso de que no haya sido tasado, deberán proveer justa causa y una nueva fecha de tasación.[17]

Así las cosas, el 1 de febrero de 2024, el recurrido presentó *Moción en Cumplimiento de Orden Sobre Acceso a Propiedad Inmueble del Caudal*.[18] En esencia, esbozó que

---

[16] *Solicitud de Desembolso de los $50,000.00*, anejo XVI, págs. 149-151 del apéndice del recurso.
[17] *Orden*, anejo VII, págs. 37 del apéndice del recurso en oposición.
[18] *Moción en Cumplimiento de Orden Sobre Acceso a Propiedad Inmueble del Caudal*, anejo VIII, págs. 38-46 del apéndice del recurso en oposición.

el tasador y la notario no pudieron ir a la propiedad el día acordado porque alegadamente la señora Santiago "le surgió un compromiso." Por consiguiente, sostuvo que no recibió una excusa razonable o justa causa para que la peticionaria no pudiera estar disponible el 30 de enero de 2024, fecha confirmada por las partes. Así las cosas, solicitó que el foro primario le ordenara a la señora Santiago a "pagar los honorarios del Notario y del Tasador, de estos cobrar por haber sido la cancelación a última hora, debido exclusivamente a los actos de la Sra. Santiago."

Posteriormente, el 2 de febrero de 2024, la señora Santiago presentó *Urgente Moción Sobre Acto de Inventario*.[19] Expresó que la Notario, -la Lcda. Lillian Muñiz-, acudió a la propiedad localizada en el Condominio Regatta para levantar el acta de los bienes del caudal. Sin embargo, adujo que no estaba de acuerdo con que se realizara un inventario de los bienes privativos de ella. Por ello, solicitó que el acta notarial se limitara a los bienes ya señalados por el causante.

En desacuerdo, el 8 de febrero de 2024, el señor Allio presentó su *Oposición a "Urgente Moción Sobre Acto de Inventario" […]*.[20] En particular, adujo que la representante legal de la peticionaria "se opuso a que la Notario examinara todo el apartamento para levantar su Acta y exigió que se limitara solamente a los bienes incluidos en un Acuerdo firmado el 26 de enero de 2022", consecuentemente, es una conducta obstructiva al

---

[19] *Urgente Moción Sobre Acto de Inventario*, anejo XVII, págs. 152-153 del apéndice del recurso.
[20] *Oposición a "Urgente Moción Sobre Acto de Inventario" […]*, anejo XVIII, págs. 154-156 del apéndice del recurso.

proceso. Asimismo, indicó que los bienes privativos de la señora Santiago, serían excluidos. Finalmente, le solicitó al foro primario que denegara la solicitud de la peticionaria, así como que le impusieran el pago de honorarios de abogados.

El 9 de febrero de 2024, la señora Santiago presentó su *Réplica a Oposición*.[21] En síntesis, alegó que no obstaculizó el trabajo de la Notario, al contrario, que le mostró toda la residencia. Por lo que, consideró que las expresiones realizadas por el recurrido son antiéticas, y más cuando no estaban presentes.

Evaluadas las mociones de las partes, el 15 de febrero de 2024, el foro primario notificó varias órdenes. Entre ellas, denegó la solicitud de la señora Santiago para que se levantara el acta únicamente con los bienes que el propio causante señalara como suyos.[22] De igual forma, denegó la solicitud de desembolso de los $50,000.00, presentada por la peticionaria.[23]

Finalmente, mediante otra *Orden*, concluyó lo siguiente:[24]

> Se toma conocimiento. A base de las alegaciones expuestas por la Parte Demandante, el Tribunal declara Ha Lugar la solicitud para el pago de los honorarios del notario y el tasador, los cuales deberán satisfacerse dentro de un término no mayor de 10 días directamente por parte de la Sra. Santiago Chardón.
>
> **Se apercibe a la Sra. Chardón** que el Tribunal impondrá sanciones más severas, en la eventualidad de que dicha parte vuelva a obstruir las gestiones del caso. No puede abrogarse la facultad de cancelar gestiones necesarias para la tramitación del caso sin causa justificada. La determinación de si una causa es justificada o no la emitirá únicamente el Tribunal.

---

[21] *Réplica a Oposición*, anejo XIX, págs. 157-158 del apéndice del recurso.
[22] *Orden*, anejo XII, pág. 57 del apéndice del recurso en oposición.
[23] *Orden*, anejo XXI, pág. 161 del apéndice del recurso.
[24] *Orden*, anejo XX, págs. 159-160 del apéndice del recurso.

> El Tribunal ordena que la gestión para levantar el levantamiento del Acta y tasación se lleve a cabo el próximo viernes, 23 de febrero de 2024, a las 10:00 a.m. El incumplimiento con esta orden constituirá desacato al Tribunal.

En desacuerdo, el 22 de febrero de 2024, la señora Santiago presentó una *Solicitud de Reconsideración Sobre Orden*.[25] En específico, alegó que "jamás le impidió a la Notaria a que llevara a cabo sus funciones. Incluso, tomó fotos del resto de los bienes que no le dio tiempo a medir porque tenía otros compromisos. Resulta curioso que ante tales alegaciones no anejaron una declaración jurada de la Notario diciendo en qué forma se obstaculizaron los procedimientos [...]. Tampoco anejaron los supuestos honorarios." De otra parte, planteó que el caudal hereditario es el que corre con cargo de los gastos del inventario y acta de bienes. Por lo tanto, solicitó le fuera relevada la sanción impuesta.

En la misma fecha, presentó una *Solicitud de Reconsideración sobre Desembolso de los $50,000*.[26] Mediante esta, esbozó que el acuerdo de los $50,000.00 fue un contrato de transacción extrajudicial que puso fin a la controversia en el caso de la pensión alimentaria, el cual, además no se extingue con la muerte del causante.

El 26 de febrero de 2024, mediante *Orden*, el foro recurrido denegó la moción de reconsideración.[27]

Aún inconforme, la peticionaria presentó el recurso de *certiorari* que nos ocupa y señaló los siguientes errores:

---

[25] *Solicitud de Reconsideración Sobre Orden*, anejo XXIII, págs. 163-164 del apéndice del recurso.
[26] *Solicitud de Reconsideración sobre Desembolso de los $50,000*, anejo XXIV, págs. 165-166 del apéndice del recurso.
[27] *Orden*, anejo II pág. 2 del apéndice del recurso.

Erró el TPI al imponer los gastos de tasación del inmueble y levantamiento de acta de bienes hereditarios a un tercero que no es heredero cuando dichos gastos corren por cuenta del caudal.

Erró el Tribunal de Primera Instancia, Sala de San Juan, al no desembolsar la cantidad de $50,000 a la acreedora Carmen Santiago Chardón.

Por su parte, el 23 de abril de 2024, el recurrido presentó su alegato en oposición.

## II.

### -A-

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de mayor jerarquía puede revisar a su discreción una decisión de un foro inferior. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction Inc.*, 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.

La Regla 52.1 de Procedimiento Civil, *supra*, específicamente dispone que el recurso de *certiorari* solamente será expedido:

> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios,

anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V, R. 52.1.

A su vez, el foro apelativo deberá auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para guiar su discreción al intervenir con la resolución u orden interlocutoria recurrida. Por ello, la Regla 40 dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Sin embargo, la discreción no opera en el vacío y en ausencia de parámetros que la encaminen, sino que el foro apelativo cuenta con los criterios enumerados en dicha Regla para asistirlo y determinar si en un caso en particular procede que se expida el auto discrecional de certiorari. *Banco Popular de Puerto Rico v. Gómez Alayón*, 2023 TSPR 145, pág. 23 (2023).

-B-

Como cuestión de umbral, debemos aclarar que la autoridad del tribunal para imponer sanciones emana de la facultad inherente de éste para hacer valer sus propios dictámenes y órdenes. Los tribunales de primera instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000). El funcionamiento efectivo de nuestro sistema judicial y la más rápida disposición de los asuntos litigiosos requieren que nuestros jueces de instancia tengan gran flexibilidad y discreción para trabajar con los problemas que conllevan el diario manejo y tramitación de los asuntos judiciales. *Pueblo v. Vega Alvarado*, 121 DPR 282, 287 (1988); *Pérez Pascual v. Vega Rodríguez*, 124 DPR 529, 543 (1989). Esto presupone que los jueces de instancia tengan poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar

correctivos apropiados según indique su buen juicio, discernimiento y su sana discreción, facultad con la cual no debemos intervenir excepto cuando sea necesario para evitar una flagrante injusticia. *Pueblo v. Vega Alvarado*, supra, pág. 287.

El poder judicial para imponer sanciones está plasmado en la Regla 44.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, la cual establece, en lo pertinente, lo siguiente:

> Regla 44.2 Costas y sanciones interlocutorias
>
> El tribunal podrá imponer costas interlocutorias a las partes y sanciones económicas en todo caso y en cualquier etapa, a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.

El propósito de esta Regla es proveer al Tribunal un instrumento que le ayude a controlar y aligerar los procedimientos. *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, 118 DPR 679, 687 (1987). Ahora bien, el poder que las Reglas de Procedimiento Civil, *supra*, concede a los jueces para prohibir, sancionar o castigar a una parte que incumple o entorpece los procedimientos es amplio, pero no irrestricto. Conforme a ello, la sanción económica que contempla la Regla 44.2, *supra*, está investida de un alto grado de discreción, partiendo de la totalidad de las circunstancias del caso.

Se entiende por discreción el poder para decidir en una u otra forma y para escoger entre uno o varios cursos de acción. *García Morales v. Padró Hernández,* 165 DPR 324, 334 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). La discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una

conclusión justiciera. *García Morales v. Padró Hernández*, supra, págs. 334-335. La deferencia al juicio y discreción del foro sentenciador está cimentada en el hecho de que los foros apelativos no pueden pretender ni manejar el trámite ordinario de los casos que se ventilan ante el foro primario. No obstante, la deferencia no es salvaguarda de inmunidad a la revisión judicial apelativa cuando el ejercicio de la discreción judicial se aparta del valor supremo de la razonabilidad.

## III.

En su primer señalamiento de error, la señora Santiago alega que erró el foro primario al imponerle los gastos de tasación del inmueble y levantamiento de acta de inventario del caudal, por ser un tercero, que no es heredero. A su vez, señaló que incidió el foro primario al no desembolsar los $50,000.00, aun cuando es la acreedora.

De otra parte, el señor Allio sostiene que la determinación del foro primario va dirigida a la obstrucción por parte de la señora Santiago en el proceso del caso. Alega que, la peticionaria ha dilatado y evitado que se pueda trabajar lo que requiere la causa de acción. Por ello, tuvo que recurrir a la intervención del foro primario para que se le diera acceso a la propiedad, y posteriormente, solicitar la imposición de sanciones. Por ello, sostiene que los honorarios a los que hace referencia la *Orden* del foro *a quo* son a modo de sanción, por el incumplimiento de la peticionaria.

En cuanto al segundo señalamiento de error, el señor Allio manifestó que este Foro carece de jurisdicción, puesto que, el propio tribunal de

instancia determinó que no entraría a ver los méritos del asunto, al haber un caso sobre nulidad de la *Resolución* emitida en el caso SJ2021RF00135, y quería evitar duplicidad de dictámenes.

Así las cosas, luego de considerar el recurso ante nos, a la luz del derecho antes citado, y siguiendo los criterios para la expedición del auto de *certiorari*, determinamos que no están realmente presentes en este caso los criterios esbozados por la Regla 40 de nuestro Reglamento, *supra*. Asimismo, nos corresponde brindarle deferencia a la determinación del foro primario, ya que no se demostró que mediase ningún tipo de pasión, prejuicio, parcialidad o error manifiesto.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones