EL PUEBLO DE PUERTO RICO, recurrido, *v.* NOEL VEGA ALVARADO, acusado y peticionario; EL PUEBLO DE PUERTO RICO, recurrido, *v.* CRISTINA JIMÉNEZ LÓPEZ, acusada y peticionaria.

*Números:* CE-87-524   *Resueltos:* 11 de mayo de 1988
CE-87-704

*Enrique Rivera Mendoza,* de la *Sociedad para la Asistencia Legal,* abogado de los peticionarios; *Josefa A. Román García, Procuradora General Auxiliar,* abogada de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El poder y autoridad inherente que tiene todo tribunal para hacer cumplir sus órdenes, autos y sentencias, y para mantener y preservar el orden en los procedimientos judiciales, ¿le faculta, *en relación con el calendario de causas criminales,* para imponerle, *de manera sumaria,* a las partes o sus abogados *sanciones económicas* por conducta que entiende el tribunal subvierte y atenta contra una eficaz y ordenada administración de los asuntos judiciales ante su consideración? Contestamos en la negativa.

I

Contra Noel Vega Alvarado el Ministerio Fiscal radicó acusaciones ante el Tribunal Superior de Puerto Rico, Sala de Guayama, por los delitos de agresión agravada e infracción a las disposiciones del Art. 4 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 414. La vista, en su fondo, de dichos casos fue señalada para el 22 de julio de 1987 en la Sala que preside el Hon. Juez Superior Rafael Pereira Solá. La representación legal del referido imputado estaba a cargo de la Lcda. Ana L. Vega, de la Sociedad para Asistencia Legal de Puerto Rico, oficina de Guayama.

El día señalado para la vista, la licenciada Vega acudió temprano en horas de la mañana a la Sala del Juez Pereira

Solá. Luego de dejar los expedientes de los casos correspondientes a dicho día sobre la mesa destinada a los abogados de la defensa, salió al pasillo frente a la referida sala con el propósito de dialogar con uno de los testigos perjudicados de los casos que tenía pendientes, el Lcdo. Miguel Ortiz Picó. *Al salir de la sala, le informó al alguacil a cargo de la misma el lugar donde se encontraría.*

Pasados algunos minutos, y al regresar la abogada a la Sala del Juez Pereira Solá, se encontró con la situación de que el caso de Noel Vega Alvarado ya había sido "llamado" y que, debido a su "incomparecencia", el referido magistrado había suspendido el caso y le había impuesto a ella una *sanción económica* de $200.

El 23 de julio de 1987, la licenciada Vega radicó una moción ante el tribunal de instancia en la cual explicó la situación y solicitó que el tribunal dejara "sin efecto las sanciones antes mencionadas o en su defecto se cite al Lcdo. Miguel Ortiz Picó y al Alguacil designado a Sala ... como testigos de Defensa, el día en que se ventile este asunto ante este Hon. Tribunal". *Exhibit* VI, pág. 2.

En relación con dicha moción, el Hon. Rafael Pereira Solá, con fecha de 24 de julio de 1987, emitió una orden, la cual transcrita literalmente lee: "Deposítese la sanción." *Exhibit* VII, pág. 3. En dicha fecha, adicionalmente, el Juez Pereira Solá emitió una resolución y orden en la cual, en lo pertinente, expresa:

> A la vista en este caso señalada para el día 22 de julio de 1987 no compareció la Lcda. Ana L[.] Vega. La misma tuvo que ser suspendida para el día 26 de agosto de 1987.
>
> La licenciada Vega depositará una sanción de $200.00 *por su incomparecencia* no más tarde del día 17 de agosto de 1987 en la Secretaría de esta Sala, *bajo apercibimiento de desacato.* (Énfasis suplido.) *Exhibit* I, pág. 1.

Inconforme, acudió la Sociedad para Asistencia Legal en representación de la Lcda. Ana L. Vega vía *certiorari* ante

este Tribunal. Le concedimos término al Procurador General de Puerto Rico para que mostrara causa por la cual el Tribunal no debía expedir el auto solicitado y dictar sentencia revocatoria de la resolución y orden recurrida. Dicho funcionario compareció mediante escrito de fecha 28 de septiembre de 1987, en el cual, luego de hacer un resumen de la ley y la jurisprudencia aplicable, solicita que este Tribunal "resuelva lo que en derecho proceda . . .". Escrito para mostrar causa, pág. 7.

En el ínterin —específicamente el 17 de septiembre de 1987— la Sala de Guayama del Tribunal Superior de Puerto Rico, presidida la misma por el Hon. Juez Rafael Pereira Solá, nuevamente le impuso una *sanción económica* a la Lcda. Ana L. Vega por ésta no estar presente al ser llamado un caso criminal para el acto de imposición de sentencia. En esta ocasión, al ser llamado el referido caso, la abogada se encontraba atendiendo otros asuntos asignados a la Sociedad para Asistencia Legal en una segunda Sala presidida por el Hon. Juez Superior Francisco A. Padilla, por razón de que ese día era *el único abogado* de la Sociedad que estaba trabajando en el Centro Judicial de Guayama. Solicitada la reconsideración de dicha actuación, el Juez Pereira Solá la declaró sin lugar mediante resolución de fecha 7 de octubre de 1987. *Exhibit* II del expediente Núm. CE-87-704, pág. 2.

Por segunda ocasión, la Lcda. Ana L. Vega acudió ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari*. Nuevamente nos vimos obligados a concederle término al Procurador General de Puerto Rico para que mostrara causa por la cual este Tribunal no debía expedir el auto solicitado y dictar sentencia revocatoria de la resolución recurrida. Dicho funcionario compareció; nos solicitó que consolidáramos los casos por envolver cuestiones comunes de derecho y que le permitiéramos someter el recurso a base de la comparecencia que radicara en el caso anterior. Así lo decretamos.

Estando en condiciones para resolver los referidos recursos, procedemos a así hacerlo.

## II

■ No hay duda de que, en virtud de lo dispuesto por el Canon 12 de Ética Profesional, 4 L.P.R.A. Ap. IX, los abogados les deben a los tribunales "el respeto a las órdenes que les son dirigidas en la consecución de los pleitos, exigiéndose de ellos asistencia puntual y el despliegue de todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de los casos". Véase *Acevedo v. Compañía Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974).

■ Tampoco debe existir duda alguna sobre el hecho de que ha sido, y es, norma invariable de este Tribunal que el efectivo funcionamiento de nuestro sistema judicial y la más rápida disposición de los asuntos litigiosos compatibles con los derechos de la sociedad en general y de los ciudadanos en particular, requiere que nuestros jueces de instancia tengan gran flexibilidad y discreción para bregar con los graves problemas que conlleva el diario manejo y tramitación de los asuntos judiciales y el administrar un eficiente sistema de justicia. Ello presupone que nuestros jueces de instancia tengan poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados de la manera y forma que su buen juicio, discernimiento y su sana discreción les indique, facultad con la cual no intervendremos excepto cuando sea absolutamente necesario con el propósito de evitar una flagrante injusticia. Véase *Ortiz Rivera v. Agostini*, 92 D.P.R. 187 (1965).

■ No obstante lo anteriormente expresado, procede la revocación de las dos (2) resoluciones ante nuestra conside-

ración. Ello por dos (2) razones: En primer lugar, a diferencia del campo civil, no existe en relación con el *calendario de causas criminales* autoridad estatutaria o reglamentaria alguna que autorice la imposición, en forma sumaria, de *sanciones económicas* a las partes o sus abogados por conducta que el tribunal considere que entorpece el mejor funcionamiento de los asuntos ante su consideración. En segundo lugar, un examen y análisis de los hechos —los cuales no están en controversia— nos convence de que la conducta observada por la peticionaria Ana L. Vega no ameritaba que el tribunal de instancia tomara acción de clase alguna contra ella, aun cuando éste hubiera actuado contra dicha abogada utilizando el procedimiento correcto y apropiado a su alcance: el de desacato criminal.

## III

Como correctamente señala el Procurador General en su comparecencia, en relación con el calendario de *causas civiles*, las Reglas de Procedimiento Civil para el Tribunal General de Justicia de 1979 (32 L.P.R.A. Ap. III) y las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. Ap. II-A, contienen claras y específicas disposiciones que autorizan la imposición de *sanciones* por parte de los tribunales a los abogados por el incumplimiento de sus deberes y obligaciones para con éstos. Así, por ejemplo, tenemos la Regla 5(c) de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. Ap. II-A, y la Regla 37.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.[1] Dichas disposiciones tienen el

---

[1] Establece la Regla 5(c) que:

"De no comparecer ninguna de las partes a la celebración de la vista de un caso civil se podrá ordenar su desestimación y archivo por abandono. En caso de

saludable propósito de evitar indebidas dilaciones en las disposiciones de los asuntos, así como la acumulación excesiva de casos en los calendarios de los tribunales.

■ Desafortunadamente, esa no es la situación en relación con el calendario de *causas criminales*. Ni las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico ni las Reglas de Procedimiento Criminal contienen disposición alguna que permita la imposición de sanciones económicas en forma similar a la del campo de lo civil.

Ello no significa, sin embargo, que el magistrado que preside los procedimientos en un caso criminal esté huérfano de remedios para vindicar la dignidad del tribunal ante una conducta que lesione esa dignidad o entorpezca los procedimientos que dirige. *Tiene a su alcance, naturalmente, el mecanismo del desacato, tanto el civil como el criminal.*

Sobre este aspecto resulta ilustrativa nuestra decisión en *Pueblo v. Lamberty González*, 112 D.P.R. 79 (1982). En dicho caso el abogado de un acusado no compareció, a pesar de haber sido debidamente citado al acto de pronunciamiento de sentencia, razón por la cual el magistrado que presidía la sala le imputó un desacato criminal y, luego de celebrada vista al efecto, lo encontró incurso en desacato, imponiéndole una pena de multa. Ante esta situación expresamos que:

---

que no comparezca alguna de las partes se podrá desestimar la demanda, eliminar las alegaciones del demandado, *condenar al pago de honorarios de abogado o dictar cualquier otra orden que fuere justa.*" (Énfasis suplido.) 4 L.P.R.A. Ap. II-A.

Por su parte, dispone la Regla 37.3:

"Si una parte dejare de comparecer, se negare a participar o compareciere sin estar debidamente preparada, a una conferencia preliminar al juicio o a la conferencia entre abogados, o incumpliere cualquier orden del tribunal, éste podrá desestimar la demanda, eliminar las alegaciones del demandado, *condenar al pago de costas y honorarios de abogado o dictar cualquiera otra orden que fuere justa.*" (Énfasis suplido.) 32 L.P.R.A. Ap. III.

Las fuentes del poder para castigar por desacato son múltiples. La Regla 242(a) de Procedimiento Criminal nos habla del desacato criminal directo. La Regla 242(b) se refiere al desacato criminal indirecto. La Regla 40.9 de Procedimiento Civil provee para el desacato civil. Se reconoce en Puerto Rico, además, el poder inherente de los tribunales para castigar por desacato. *Pueblo* v. *García Rivera*, 103 D.P.R. 547 (1975). También nos hemos expresado en ocasiones sobre el desacato sui géneris. *In re Marín Báez*, 81 D.P.R. 274 (1959); *Dubón* v. *Casanova*, 65 D.P.R. 835 (1946). Esto último no significa que es inexistente la diferencia entre el desacato civil y el criminal, sino que se dan ocasiones en que se aplican al desacato ciertas reglas especiales. D. Dobbs, *Contempt of Court: A Survey*, 56 Cornell L. Rev. 183, 231 (1971).

La verdadera distinción entre el desacato criminal y el civil estriba en la naturaleza y propósito del remedio. Si la intención es reparadora, inducir a alguien a cumplir con una obligación, el desacato es de naturaleza civil. *Shillitani* v. *United States*, 384 U.S. 364 (1966). Si el objetivo es vindicar la autoridad del tribunal, el desacato es de orden penal. *United States* v. *Mine Workers*, 330 U.S. 258 (1947). En lo que toca a la diferencia entre desacatos directos o indirectos, los primeros son los cometidos en presencia del tribunal. *Pueblo* v. *Ortiz Padilla*, 102 D.P.R. 736 (1974). Algunos tribunales consideran directos aun los que no se cometan en presencia de la corte, pero tan cercanamente que montan a una obstrucción de la justicia. Esto no es posible bajo la Regla 42(a) de Procedimiento Criminal federal, equivalente a la Regla 242(a) nuestra. 3 Wright, *Federal Practice and Procedure: Criminal 2d*, sec. 703, pág. 819. La naturaleza del procedimiento, penal o civil, no dicta la naturaleza del desacato. Se puede cometer un desacato civil dentro de un procedimiento penal y viceversa. Dobbs, *op. cit.*, pág. 237. La naturaleza del desacato es vital para la determinación del procedimiento a seguir en su castigo.

A la luz de lo anterior, clasifiquemos el caso presente. Bajo el Art. 29 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 163, hemos denominado desacato civil la desobediencia a una citación, aunque hemos exigido que se siga un procedimiento análogo al fijado para el desacato criminal. *Pueblo* v. *Pérez Díaz*, 99 D.P.R. 788 (1971). En tales situaciones, como se hizo

en el caso presente, el tribunal tiene la opción, a nuestro entender preferible, de tratar el desacato como un desacato de índole criminal, dado el propósito del remedio, y utilizar el mecanismo dispuesto por la Regla 242(b). Se trata en este caso, por lo tanto, de un desacato criminal indirecto, correctamente encuadrado dentro del marco de la Regla 242(b) de Procedimiento Criminal.(2) *Pueblo v. Lamberty González*, supra, págs. 81–82.

Al amparo de lo antes reseñado, no hay duda de que en el presente caso el tribunal de instancia —si es que entendía que la conducta observada en ambas ocasiones por la licenciada Vega atentaba o era lesiva a la dignidad del tribunal y en vindicación de ésta— podía imputarle un desacato criminal a la referida abogada, brindándole la oportunidad a ella, de acuerdo con lo dispuesto en la Regla 242(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, de ser oída y defenderse en una vista a ser celebrada a esos efectos. Esto es, el foro de instancia venía en la obligación de utilizar el procedimiento correspondiente a un *desacato criminal indirecto*, por cuanto la conducta que pretendía castigar no había ocurrido en su presencia. *Pueblo v. Lamberty González*, supra. Definitivamente cometió error revocable el tribunal de instancia al imponerle a la licenciada Vega, obviando el procedi-

---

(2) *"Regla 242. Desacato*

"(a) *Procedimiento sumario*. El desacato criminal podrá castigarse en forma sumaria siempre que el juez certifique que vio u oyó la conducta constitutiva de desacato, y que se cometió en presencia del tribunal. La orden condenando por desacato expondrá los hechos y será firmada por el juez, dejándose constancia de ella en las minutas del tribunal.

"(b) *Procedimiento ordinario*. Salvo lo provisto en el apartado (a) de esta regla, en todo caso de desacato criminal se le dará al acusado previo aviso la oportunidad de ser oído. El aviso expondrá el sitio, hora y fecha de la vista, concederá al acusado un tiempo razonable para preparar su defensa, hará saber al acusado que se le imputa un desacato criminal y expondrá los hechos esenciales constitutivos del mismo. El acusado tendrá derecho a su libertad provisional bajo fianza de acuerdo con las disposiciones de estas reglas. Si el descato se fundara en actos o conducta irrespetuosa hacia un juez, éste no podrá conocer de la causa excepto con el consentimiento del acusado." 34 L.P.R.A. Ap. II, R. 242.

miento antes indicado, una sanción de $200 en forma sumaria. Aparte de que en el caso específico ante nuestra consideración la conducta observada por la abogada no ameritaba sanción de clase alguna, los tribunales de instancia no tienen autoridad o facultad para imponer sanciones económicas, en forma sumaria, en relación con el calendario de casos criminales.

## IV

Como es de todos conocido, la ola de criminalidad que ha venido azotando a nuestro país durante la última década ha causado que el número de casos criminales que se radican ante nuestros tribunales de instancia aumente de una manera vertiginosa. Ello, naturalmente, ha causado una gran congestión de casos en las salas de asuntos de lo criminal, con el consiguiente perjuicio para las personas que, en cumplimiento de su deber ciudadano, acuden a dichos tribunales en diferentes capacidades.

Es igualmente materia de conocimiento general que la gran mayoría de los ciudadanos que son traídos ante la justicia carecen de bienes suficientes para poder contratar los servicios de abogados en la práctica privada de la profesión. Esta situación obliga a la Sociedad para Asistencia Legal a hacerse cargo de la representación legal de la inmensa mayoría de los acusados por encomienda de los tribunales.

La extraordinaria labor que llevan a cabo estos esforzados abogados de la Sociedad para Asistencia Legal rara vez es reconocida. Es un hecho incuestionable que sin dichos abogados el sistema de justicia en su fase criminal se paralizaría. Hay que entender que los mismos escasamente tienen tiempo para prepararse para los innumerables casos que tienen que atender, labor que llevan a cabo en forma encomiable con recursos inadecuados. Instamos a nuestros jueces de instancia a así entenderlo y comprenderlo y a ejercer, en relación con dichos abogados, tolerancia y comprensión res-

pecto a los problemas que los mismos confrontan día a día en el desempeño de su delicada y excelente labor.

## V

Por las razones antes expresadas, *se expide el auto y se dicta sentencia revocatoria de las resoluciones emitidas por el Tribunal Superior de Puerto Rico, Sala de Guayama, en los casos de epígrafe.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Ortiz y la Juez Asociada Señora Naveira de Rodón concurren con el resultado sin opinión escrita.

