ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LCDO. LUIS A. SÁNCHEZ SOLER; LCDO. HOMEL A. MERCADO JUSTINIANO; LCDA. GLORIA M. JUSTINIANO IRIZARRY<br><br>Recurridos<br><br>v.<br><br>ORLANDO RAMOS RULLÁN<br><br>Peticionario | KLCE202401095 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Utuado<br><br>Caso Número: MZ2021CV01664<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2025.

Orlando Ramos Rullán (Ramos Rullán o peticionario) nos solicita que revoquemos la *Resolución y Orden* que emitió el Tribunal de Primera Instancia en Utuado el 27 de agosto de 2024. Mediante referida determinación, el foro primario le impuso a una sanción de $1,000.00 al peticionario por cumplir con las órdenes de consignación de fondos.

Evaluado el recurso, así como la oposición, denegamos la expedición del auto de *Certiorari*.

**I.**

La presente causa guarda relación con los recursos KLAN202300031, dispuesto por *Sentencia* el 13 de marzo 2023, y el KLCE202400277, dispuesto por *Resolución* el 9 de abril de 2024. En lo concerniente, les remitimos y haremos referencia a los hechos allí esbozados.

El 21 de diciembre de 2021, los recurridos Lcdo. Luis Sánchez Soler, Lcdo. Homel A. Mercado Justiniano, Lcda. Gloria M. Justiniano Irizarry presentaron una Demanda de cobro de dinero contra el señor Orlando Ramos Rullán. En esencia, alegaron que el señor Ramos Rullán incumplió con el pago de los servicios profesionales que le rindieron en la causa LCD2015-0042. El señor Ramos Rullán presentó una reconvención contra los abogados.

El 13 de diciembre de 2022, la Sala de Instancia dictó una Sentencia Parcial. En esta, le ordenó a Ramos Rullán a consignar en el Tribunal (a) $57,500.00 de principal adeudado más el 5% por concepto del interés legal (b) $5,000 en concepto de honorarios de abogado. El Foro Primario determinó que, "[u]na vez la parte demandante acredite el cumplimiento de las gestiones pendientes en el caso núm. LCD2015-0042, se procederá al desembolso de las sumas consignadas en este pleito." Según el Foro Primario, "la exigibilidad del pago de la deuda reclamada está sujeta a que la parte demandante cumpla con la totalidad de sus obligaciones que contrajo a través del contrato de servicios profesionales."

El 13 de marzo de 2023 este Tribunal de Apelaciones dictó una Sentencia para modificar la *Sentencia Parcial* del TPI para reducir la cantidad a ser consignada en $51,500.00 y eliminar los honorarios de abogado.

A tenor con la Sentencia Parcial, el 15 de febrero de 2024, el Foro Primario le ordenó a Ramos Rullán a consignar en treinta (30) días el dinero. Insatisfecho, Ramos Rullán acudió a este Foro Intermedio en la causa asignada al KLCE202400277.

El 9 de abril de 2024, este panel denegó la expedición del recurso de *certiorari*. En la *Resolución* se expresó que, en la

Sentencia del 13 de marzo de 2023, "la parte dispositiva relacionada a la consignación de la cuantía adeudada no fue cuestionada en ningún momento, tampoco fue revocada." Se mencionó también que, "una vez la decisión advino final y firme, solo restaba el cumplimiento de la sentencia que imponía la consignación de los $51,000, tal como el foro primario lo decretó en la orden que revisamos."

Tras ello, el 12 de junio de 2024, la Sala de Instancia le ordenó a Ramos Rullán a consignar la cantidad de $51,500.00, más el 5% por concepto del interés legal, en un término final de treinta (30) días. Le indicó, además, que el incumplimiento con la orden podría conllevar la imposición de sanciones.

El 12 de julio de 2024, Ramos Rullán presentó una *Moción en torno a la Resolución y Orden emitida el 12 de junio de 2024*. Alegó que la orden de consignación era una medida temporal que estaba condicionada a que la parte demandante demostrara que cumplió con sus obligaciones contractuales. Expresó que la orden de consignación perdió toda virtualidad jurídica pues la parte demandante le renunció a la representación legal que ostentaba. Junto a su escrito incluyó, como anejo, una *Moción en Solicitud de Renuncia de Representación Profesional* que presentó el 11 de septiembre de 2023 el Lic. Homel A. Mercado Justiniano y la Lcda. Gloria Justiniano Irizarry, en la causa de acción LCD2015-0042.[1] Sostuvo, además, que la orden de consignación carecía de legalidad, por no estar fundamentada por alguna fuente de derecho. Indicó que carece de recursos económicos para acatar la orden de consignación y le propuso al Tribunal que emitiera una orden de prohibición de enajenar sobre un bien inmueble.

---

[1] Apéndice págs. 126-127.

El 31 de julio de 2024, los demandantes presentaron una *Oposición a Moción en Cumplimiento de Orden Presentada por el Demandado-Reconviniente el 12 de julio de 2024*.  Allí le solicitaron al Tribunal de Instancia una sanción para Ramos Rullán por el incumplimiento con la orden de consignación.

El 6 de agosto de 2024, el Foro Primario denegó la solicitud de Ramos Rullán para la prohibición de enajenar.  Al día siguiente, le ordenó al demandado que replicara a la Oposición del demandante.

Según ordenado, el 21 de agosto de 2024, Ramos Rullán presentó la Réplica.  Ese 21 de agosto de 2024, notificada el día siguiente, el Tribunal de Instancia emitió una *Orden* concediéndole a la parte demandante hasta el 11 de septiembre, para que presentara una dúplica a la *"Réplica a oposición en cumplimiento de orden presentada por el demandado-reconviniente el 12 de junio de 2024"*.

El 22 de agosto de 2024, el demandante presentó la moción de *Dúplica a "Réplica Radicada el 21 de agosto de 2024" por el Demandado-Reconviniente, Orlando Ramos Rullán."*    Allí, le solicitó al Tribunal que le impusiera sanciones al demandado por incumplir con las órdenes de consignar la suma de $51,500.

Atendido el asunto, el 27 de agosto de 2024, el Tribunal de Instancia emitió siguiente *Resolución y Orden*:

> Se le impone a la Parte Demandada-Reconviniente una sanción de mil dólares ($1,000.00) por su incumplimiento reiterado con las órdenes de consignación que se han dictado previamente en el transcurso de este caso. Asimismo, se le concede a la Parte Demandada-Reconviniente un término final de treinta (30) días, contados a partir de la notificación de la presente orden, para consignar la cantidad de cincuenta y un mil quinientos dólares ($51,500.00), más el cinco por ciento (5%) por concepto del interés legal, conforme lo dispuesto en la sentencia del Tribunal de Apelaciones del 13 de marzo de 2023. En

ese mismo término de 30 días, deberá la Parte Demandada-Reconviniente satisfacer la sanción aquí impuesta.

Se le apercibe a la Parte Demandada-Reconviniente que el incumplimiento con la presente resolución y orden conllevará el archivo de la reconvención.

En desacuerdo, el 11 de septiembre de 2024, Ramos Rullán solicitó *Reconsideración* y el Tribunal la denegó*.* Insatisfecho, Ramos Rullán presentó el recurso de *Certiorari* en el que alegó que incidió el Foro Primario al:

**Primero:** Emitir una Resolución y Orden sobre imposición de sanciones la cual es contraria a derecho por carecer de fuente legal que la sostenga, incide con el principio de la buena fe, y constituye un manifestó abuso de discreción judicial.

**Segundo:** Al insistir en que se cumpla con una Orden de Consignación la cual se tornó académica.

**Tercero:** Al imponerle al demandado una sanción económica y apercibirlo que de no cumplir con la tal *Orden de Consignación* le habrá de archivar su reclamo traído vía reconvención, sin haber convocado y celebrado previamente una vista evidenciaria a los fines de considerar la capacidad económica de este para efectuar el pago de tal consignación lo cual constituye una vulneración al debido proceso de ley, en su vertiente procesal.

La parte recurrida presentó su oposición a la expedición del *Certiorari*. Con el beneficio de ambos escritos, disponemos.

## II.

### A.

El recurso de *certiorari* constituye un vehículo procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Al tratarse de una reclamación post sentencia, relacionada a sanciones, para determinar si procede la expedición de un recurso discrecional de *certiorari,* es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. <u>BPPR v. SLG Gómez-López</u>, 213 DPR ____(2023); 2023 TSPR 145. Esta regla señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. <u>Torres Martínez v. Torres Ghigliotty</u>, 175 DPR 83, 97 (2008). La referida regla nos permite intervenir por lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. <u>BPPR v. SLG Gómez-López</u>,

*supra*; 800 Ponce de León v. AIG*, supra;* Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338. Específicamente, la discreción cede en las circunstancias en las que se configura: un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. BPPR v. SLG Gómez-López, *supra*; Rivera et al. v. Arcos Dorados et al., *supra*.

**B.**

El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". BPPR v. SLG Gómez-López, *supra*; In re Collazo I, 159 DPR 141, 150 (2003), citando a Pueblo v. Vega, Jiménez, 121 DPR 282, 287 (1988). En virtud de esos poderes, los tribunales de instancia tienen a su alcance múltiples mecanismos procesales para mantener el control y asegurar el orden en los procedimientos ante su consideración, para hacer cumplir sus órdenes y para realizar cualquier otro acto que resulte necesario para cumplir a cabalidad sus funciones. In re Collazo I, *supra*. Ello implica, "aplicar correctivos apropiados en la forma y manera que su buen juicio les indique". BPPR v. SLG Gómez-López, *supra*; In re Collazo I, *supra*.

A tenor con esta facultad, en nuestro ordenamiento procesal civil existen varias reglas que confieren a los tribunales la autoridad de imponer sanciones. En tal virtud, la Regla 44.2 de Procedimiento Civil, 32 LPRA Ap. V, faculta a los tribunales a

imponer "costas interlocutorias a las partes y sanciones económicas en todo caso y en cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia".

La imposición de sanciones bajo la Regla 44.2 de Procedimiento Civil, *supra*, está sujeta a la sana discreción del tribunal. Div. Empleados Públicos UGT v. CEMPR, 212 DPR 742, 753 (2023); Lluch v. España Service Sta., 117 DPR 729, 748(1986).   Conforme lo anterior, el tribunal a iniciativa propia "puede imponer sanciones cuando la conducta de las partes vaya en perjuicio de la eficiente administración de la justicia". Div. Empleados Públicos UGT v. CEMPR, *supra*, pág. 754; Lluch v. España Service Sta., *supra*, pág. 749.

A su vez, la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, permite la desestimación de acciones como medida de sanción.  La mencionada Regla dispone como sigue:

> Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda.  Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días,

a menos que las circunstancias del caso justifiquen que se reduzca el término.

Asimismo, la Regla 39.3 de Procedimiento Civil, 32 LPRA Ap. V, señala que: "Las disposiciones de la Regla 39 aplicarán al desistimiento y a la desestimación de cualquier **reconvención**, demanda contra coparte o demanda contra tercero."

### III.

En el primer señalamiento de error Ramos Rullán alegó que el Foro Primario le impuso una sanción económica de $1,000 y le apercibió del archivo de la reconvención, lo cual no se sustenta por ninguna fuente de derecho. Expuso que no incumplió con las órdenes de consignación porque replicó a estas con argumentos que le impedían realizar tal consignación. Mencionó que, ante la imposibilidad de consignar los $51,500, le solicitó al Foro Primario que ordenara la prohibición de enajenar de un predio de terreno. Sostuvo que los demandantes tienen a su disposición el mecanismo procesal de la Regla 56 de Procedimiento Civil, lo cual les permite el aseguramiento de la efectividad de su sentencia. Evaluamos.

Del expediente trasciende que el 6 de agosto de 2024, el Foro de Instancia denegó la petición de Ramos Rullán de ofrecer un inmueble en garantía mediante una orden de prohibición de enajenar. Tras ello, quedó pendiente de adjudicar el asunto de la imposición de sanciones, por el incumplimiento de Ramos Rullán con la orden de consignación.

Sobre este particular, la Sala de Instancia determinó imponerle a Ramos Rullán una sanción de $1,000 por incumplir con las órdenes de 31 de octubre de 2023, el 15 de febrero y el 12 de junio de 2024.

En particular, la orden del 15 de febrero de 2024 le requería a Ramos Rullán que consignara en treinta (30) días, los $51,500, más intereses, a tenor con la Sentencia que emitió este panel el 13 de marzo de 2023. Esa orden del 15 de febrero de 2024 fue traída ante nuestra consideración y en Resolución de 9 de abril de 2024, denegamos la expedición del auto de *certiorari*. Por tanto, quedó en pleno vigor.

Más adelante, el 12 de junio de 2024 el Foro Primario emitió otra orden en la cual concedió al peticionario un término final de treinta (30) días para consignar el dinero, so pena de la imposición de sanciones. El 12 de julio de 2024, Ramos Rullán expresó su inconformidad a la referida orden.

Así que, luego de varios escritos de las partes, el 27 de agosto de 2024, el Foro Primario le impuso a Ramos Rullán la sanción de $1,000 por incumplimiento con la orden de consignación, más le apercibió de archivar la reconvención, de incumplir con lo ordenado. Contra esta Resolución y Orden, Ramos Rullán acudió a este foro de revisión intermedio.

Revisado el asunto, a la luz del derecho aquí plasmado, denegamos expedir el auto de *certiorari*. El Foro Primario actuó razonablemente dentro del marco del ejercicio de su discreción en la tramitación del asunto que atiende al imponer el método correctivo de la sanción por $1,000.

En cuanto al señalamiento de error relacionado a la advertencia que emitió la Sala de Instancia de que el incumplimiento con la resolución y orden conllevará el archivo de la reconvención, tampoco intervenimos. La orden no elimina ni desestima la reconvención del peticionario, sino que el foro primario le dio una advertencia de las posibles consecuencias que conllevará su

incumplimiento, en virtud de las Reglas 39.2 (a) y 39.3 de Procedimiento Civil, *supra.*

Así que, por no estar presentes los criterios que menciona la Regla 40 del Reglamento del Tribunal de Apelaciones, que nos permita intervenir con la decisión recurrida, denegamos la expedición de este recurso.

**IV.**

Por las razones antes expresadas, denegamos la expedición del auto de *Certiorari*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones