Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PARKVILLE II<br><br>Recurrido<br><br>v.<br><br>CHUBB INSURANCE COMPANY OF PUERTO RICO<br><br>Peticionario | TA2025CE00803 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.: BY2024CV03388<br><br>Sobre: Incumplimiento de Contrato de Seguro; Petición de Interdicto Preliminar y Permanente; Daños y Perjuicios |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

El 24 de noviembre del año en curso, Chubb Insurance Company of Puerto Rico (Chubb o la parte peticionaria) acudió ante nos mediante *Petición de Certiorari*[1] y nos solicitó la revocación de la *Resolución Interlocutoria* emitida en la causa de epígrafe el 27 de octubre de 2025. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Bayamón, declaró No Ha Lugar la *Moción Solicitando que se Adjudique la Solicitud de Desestimación de la Causa de Acción de Daños Extracontractuales* que presentó en el caso.

Estudiado el legajo apelativo, así como el expediente judicial, según surge del Sistema Unificado de Manejo y Administración de Casos (SUMAC), expedimos el auto solicitado y modificamos la decisión recurrida. Así modificada, se confirma.

---

[1] SUMAC TA, Entrada Núm. 1.

**-I-**

El 10 de junio de 2024, el Consejo de Titulares del Condominio Villas de Parkville II (Consejo o parte recurrida) instó *Demanda* contra Chubb por incumplimiento de contrato de seguro, petición de interdicto preliminar y permanente, y por daños y perjuicios. Allí alegó que Chubb expidió a su favor la póliza de seguro 95PR-000100821-3 y que la misma contenía disposiciones, cláusulas y endosos relacionados a daños causados por vientos, agua, inundaciones, socavones y erosión de terreno causados por tormentas y huracanes. Según el Consejo, y como consecuencia del paso del Huracán Fiona por Puerto Rico el 18 de septiembre de 2022, se elevaron las aguas y se desbordaron en la quebrada Los Frailes la que bordea el condominio adyacente, Villas de Parkville I, y el Condominio Villas de Parkville II. Como consecuencia de lo allí explicado, y causado por el torrencial volumen de agua, se alegó que la base estructural del muro de retención que marcaba la colindancia de los terrenos de los condominios socavó y que el muro colapsó causándose el deslave y deslizamiento del terreno que apoyaba, entre otras las estructuras residenciales que comprendían un total de 17 apartamentos ubicados en los Clúster EI, EJ EK y EL.[2]

El Consejo alegó que después de once (11) meses desde haber notificado la pérdida, Chubb denegó cubierta bajo la póliza, fundamentándose en la exclusión contenida en la Forma CP 00 17 10 12 de la póliza, clasificándose el evento como uno de movimiento de tierra. Según expuso, la aseguradora sostuvo que los daños a la propiedad no fueron provocados por los vientos generados por el Huracán Fiona, sino por el aumento en los niveles de agua subterránea, lo que a su vez erosionó el suelo bajo el muro de retención. En virtud de todos los actos que allí le imputó a Chubb, el Consejo reclamó incumplimiento de su parte con las

---

[2] SUMAC TPI, Entrada Núm. 1.

obligaciones que el Código de Seguros le impone, el que sostuvo le provocaba daños continuos al ver afectadas sus áreas comunes sin poder rehabilitarlas con el producto del seguro que contrató y pagó como lo requirió su aseguradora.

Como primera causa de acción, el Consejo sometió un interdicto preliminar y permanente y solicitó que ordenara con carácter de urgencia a Chubb a expedir el pago de la pérdida tal y cual se reclamó, así como toda suma de dinero necesaria para iniciar de inmediato el plan de mitigación y obra correctiva que requiere el Condominio para evitar que se materialicen daños adicionales productos de la continua erosión de tierra en su lado posterior. Como segunda causa de acción, incluyó un reclamo por incumplimiento de contrato bajo el Código Civil y/o bajo el Código de Seguros, que incluyó alegaciones de prácticas o actos desleales bajo el Artículo 27.161 de dicho cuerpo. La tercera causa de acción incluida en la *Demanda* por el Consejo fue una en daños extracontractuales y punitivos, mientras que, en la cuarta, solicitó la imposición de honorarios de abogados por temeridad. *Íd.*

Así las cosas, el 18 de junio de 2024, Chubb presentó *Moción Solicitando Desestimación Parcial Bajo la Regla 10.2.*[3] Allí, alegó que aun si se hiciera toda inferencia posible en favor del Consejo, el TPI tenía facultad para desestimar: la solicitud de interdicto preliminar y permanente; todas las reclamaciones que la parte recurrida sometió al amparo del Artículo 27.164 del Código de Seguro, *infra,* daños punitivos incluidos; y la reclamación en daños extracontractuales basada en el Código Civil.[4]

---

[3] *Íd.,* Entrada Núm. 10.

[4] Además de negar que la póliza cubriera los daños alegados, sobre el interdicto preliminar y permanente, alegó que no se constituían los elementos necesarios para su expedición. Frente a las reclamaciones presentadas al amparo del Código de Seguro, señaló que el tribunal carecía de jurisdicción, por no haberse perfeccionado conforme nuestro estatuto, ya que no se acudió primero a la Oficina del Comisionado de Seguros. Finalmente, sobre los daños extracontractuales, reclamó que no existía en el caso la concurrencia de dicha causa de acción con la contractual y por carecer de plausibilidad. *Íd.*

El 21 de junio de 2024, el Consejo sometió *Oposición a Solicitud de Desestimación Parcial*. Al oponerse a las desestimaciones presentadas, primeramente, planteó que la solicitud de desestimación debía denegarse, pues debía partirse de la premisa de que todos los hechos bien alegados en la demanda eran ciertos. Añadió que las alegaciones presentadas en la demanda contienen el detalle, la precisión y minuciosidad necesaria para evadir cualquier conclusión dirigida a establecer que su reclamación dejaba de exponer una reclamación que justifique la concesión de un remedio. De otra parte, el consejo alegó que el recurso de interdicto era un remedio extraordinario que busca evitar un daño inminente o restablecer el orden legal alterado por la conducta opresiva, y esa era la situación precisa en la que se encontraba, pues si Chubb no revertía su denegatoria de cubierta, se atrasaría el comienzo de toda obra restaurativa. También, negó que su reclamación bajo el Código de Seguros anulara la posibilidad de emitirse el interdicto preliminar.[5]

El 24 de junio de 2024, el TPI celebró una audiencia argumentativa. Según surge de la minuta levantada, el Consejo desistió sin perjuicio de su reclamación por actos de mala fe. En esa fecha, el foro primario también concedió la desestimación en cuanto al recurso de interdicto, más se negó a desestimar la reclamación por daños extracontractuales. Quedó pendiente entonces, celebrar vistas evidenciarias para atender la controversia de la cubierta de la póliza. Habiéndose celebrado estas, el 31 de julio de 2024, el TPI dictó *Sentencia Parcial* el 30 de septiembre de 2025, mediante la cual luego de haber recibido prueba al respecto, resolvió que la pérdida del Condominio Villas de Parkville II era una cubierta bajo la póliza de seguros núm. 95PR-000100821-3 expedida por Chubb y ordenó la continuación de los procedimientos de conformidad con lo resuelto.[6]

---

[5] *Íd.,* Entrada Núm. 17.
[6] Id., Entrada Núm. 19.

Ante este dictamen, Chubb presentó *Moción Solicitando Que se Adjudique la Solicitud de Desestimación de la Causa de Acción de Daños Extracontractuales.* Expuso que, habiéndose decretado cubierta de la póliza, procedía la desestimación de la reclamación del Consejo por daños extracontractuales, conforme fue inicialmente solicitado en la *Moción Solicitando Desestimación Parcial Bajo La Regla 10.2.*[7] El 27 de octubre de 2025, el TPI notificó la *Resolución Interlocutoria* recurrida. En esta, el foro primario dictaminó lo siguiente:

> No ha lugar. Habiéndose dictado Sentencia Parcial el 30 de septiembre de 2025 a los efectos que la pérdida del Cond. Villas de Parkville II es una pérdida cubierta bajo la póliza de seguros 95PR-000100821-3 expedida por Chubb Ins. Co. of PR procede que se comience el descubrimiento de prueba en cuanto a los daños. Por consiguiente, continua en suspenso la determinación de la Solicitud de Desestimación Parcial bajo la Regla 10.2 presentada por Chubb el 18 de junio de 2024 conforme la Sentencia Parcial dictada el 29 de julio de 2024.[8]

Por no estar de acuerdo con lo resuelto, Chubb acude ante nos y planea el siguiente señalamiento de error:

> ERRÓ EL TPI AL MANTENER EN SUSPENSO LA DETERMINACIÓN DE LA SOLICITUD DE DESESTIMACIÓN PARCIAL BAJO LA REGLA 10.2 PRESENTADA POR CHUBB BAJO EL ARGUMENTO DE QUE LO QUE PROCEDE ES HACER DESCUBRIMIENTO DE PRUEBA.

Tras varios trámites procesales que no son necesarios mencionar, el 4 de diciembre de 2025, el Consejo compareció ante nos mediante *Solicitud de Desestimación Bajo la Regla 83 y Oposición a la Expedición del Auto de Certiorari.*[9] Evaluados los argumentos allí presentados en favor de la desestimación del auto de *certiorari*, declaramos No Ha Lugar su petición para desestimar el recurso de epígrafe. Así resuelto, y contando con el beneficio de la comparecencia de las partes, lo atendemos.

---

[7] *Íd.,* Entrada Núm. 105.
[8] *Íd.,* Entrada Núm. 111.
[9] SUMAC TA, Entrada Núm. 3.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, supra, y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *Rivera et al. v. Arcos Dorados et al.*, *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[10]

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

*B.*

El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López,* supra, págs. 333-334, al citar a *In re Collazo I*, 159 DPR 141, 150 (2003) y *Pueblo v. Vega, Jiménez*, 121 DPR 282, 287 (1988). La deferencia al juicio y a la discreción del foro sentenciador está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final. *Id.,* al mencionar a *Mejías et al v. Carrasquillo et al.,* 185 DPR 288, 306-307 (2012).

---

[10] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

## C.

Nuestro ordenamiento jurídico permite que un demandado solicite la desestimación de la reclamación judicial instada en su contra cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotará la pretensión del demandante. *Rodríguez Vázquez v. Hospital Español Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ____. Es por esta razón que puede solicitarse la desestimación total de la reclamación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V R. 10.2. Esto puede hacerse inclusive, antes de contestar la demanda. *Íd.* Conforme la mencionada regla, podrá solicitarse la desestimación de un pleito cuando se alegue**:** (1) falta de jurisdicción sobre la materia**;** (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable. *Íd.*

En cuanto a la evaluación de un escrito de esta naturaleza, en innumerables ocasiones el Tribunal Supremo de Puerto Rico ha establecido que los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. Así pues, para que una moción de desestimación pueda prosperar, tiene que demostrarse certeramente que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Inm. Baleares et al v. Benabe et al*, 214 DPR 1109, 1128 (2024).

## -III-

Ciertamente, tratándose de la denegatoria de una moción dispositiva, de acuerdo con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* de así entenderlo procedente, estamos en

posición de expedir el auto de *certiorari* solicitado por Chubb. En este, tal cual ya señalamos, Chubb señala que el TPI cometió un error al no desestimar la causa de acción por daños extracontractuales.

A esos efectos, discute que la negativa del foro primario de desestimar la causa de acción por daños extracontractuales, pese a habérsele solicitado oportunamente su adjudicación, opera en contra de la celeridad que revisten los términos establecidos en la Regla 10.6 y la Regla 70 de Procedimiento Civil. Así, señala que nuestro ordenamiento procesal civil no condiciona la resolución de una moción bajo las disposiciones de la Regla 10.2, supra, al descubrimiento de prueba. También, niega que le confiera al tribunal potestad alguna para crear requisitos adicionales allí no contemplados. A su juicio, la resolución interlocutoria demuestra abuso de discreción judicial, así como error de derecho. Mas aún, propone que esta demuestra parcialidad de su parte en favor del Consejo.

El Consejo, por su parte, defiende la decisión del TPI de no desestimar su reclamación por daños extracontractuales. En síntesis, aduce que en el caso no se ha sometido prueba alguna que derrote su reclamación de daños extracontractuales. También, plantea que contrario a lo que alega Chubb, estos daños fueron bien alegados en la reclamación, por lo que bajo el examen aplicable a una solicitud de desestimación bajo la Regla 10.2, la desestimación era improcedente. Por consiguiente, la decisión recurrida es correcta.

La *Resolución Interlocutoria* recurrida, según relatado, atiende una petición de Chubb para que se atendiera y resolviera la solicitud que había presentado para la desestimación de la causa de acción por daños extracontractuales sometida en su contra. Al hacerlo, tal cual arriba citamos, el foro primario la declaró No Ha Lugar. Además, estableció que procedía el descubrimiento de prueba, así como dejar en suspenso resolver la desestimación.

Tras una evaluación pormenorizada del expediente, como ya adelantamos, estimamos necesario intervenir. Aun cuando reconocemos la amplia potestad y flexibilidad que tienen los jueces en el manejo de sus casos, expedimos el auto a los únicos fines de establecer que no existen circunstancias extraordinarias en el pleito que justificaran la determinación de suspender la adjudicación de la solicitud de desestimación del reclamo por daños extracontractuales. A través de su determinación de **no ha lugar**, el asunto quedó resuelto. Ahora, basándonos en el estándar bajo el cual se analizan las mociones de desestimación bajo la Regla 10.2, no nos parece que el foro primario se haya equivocado al negarse a desestimar esta causa de acción y haber declarado No Ha Lugar la petición de Chubb a tales efectos. Nada de esto impide que una vez culminado el descubrimiento de prueba se pueda presentar una ulterior moción dispositiva.

**-IV-**

Por todo lo antes consignado, expedimos el auto de *certiorari*, y modificamos la *Resolución* recurrida a los únicos fines de dejar sin efecto la suspensión de la determinación sobre de la moción de desestimación, toda vez que la misma fue adjudicada con un No ha lugar, según surge de la propia *Resolución.* Así modificada se confirma.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones